**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CLARENCE E. GRISSOM, JR.,

        Plaintiff-Appellant,

v.

KAREN ROHLING, Warden,

        Defendant-Appellee.

Nos. 10-3306 and 11-3009

(D. of Kansas)

(D.C. No. 5:10-CV-03134-SAC)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

Clarence Grissom, a Kansas state prisoner proceeding pro se, appeals the

district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. After

reviewing the record, we conclude the district court properly dismissed the

complaint for failure to state a claim on which relief can be granted.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Having jurisdiction under 28 U.S.C. § 1291, we AFFIRM the district court's decision.

## I. Background

Grissom is currently incarcerated at the Larned Correctional Mental Health Facility (LCMHF) in Larned, Kansas. In his complaint, he alleged he received poor medical care from the Kansas Department of Corrections (KDOC), which rises to the level of cruel and unusual punishment, in violation of the Eighth Amendment. Grissom also asserted he was transferred in retaliation for filing multiple administrative complaints and he was denied access to the prison law library, both in violation of the First Amendment. Grissom named only Karen Rohling, warden of LCMHF, as defendant.

The district court issued an order instructing Grissom to show cause why his complaint should not be dismissed or, in the alternative, to submit an amended complaint. The court explained the initial complaint was inadequate for failure to allege facts establishing personal participation by the named defendant, Warden Rohling, in the unconstitutional acts on which the complaint was based. It noted Warden Rohling "is not liable for the acts of all employees . . . based only upon her supervisory capacity at the facility." R., Vol. I at 416 n.2.

The court observed that Grissom appeared to contemplate additional defendants not listed in the caption, as he named other members of KDOC medical staff in the body of his complaint. But the court declined to construe the

-2-

complaint as naming these individuals as defendants, on the ground that the claims against them were subject to dismissal for other deficiencies.

Grissom subsequently filed an interlocutory appeal, which was dismissed for failure to prosecute. He then filed a response to the district court's order to show cause. But this response did not address the deficiencies the court identified in the complaint; it merely supplied information supporting Grissom's request for *in forma pauperis* status. The court therefore dismissed Grissom's complaint for the reasons stated in the initial order, pursuant to 28 U.S.C. § 1915A(b).

In response, Grisson filed a notice of appeal. He sought the court's leave to proceed *in forma pauperis* on appeal and appointment of counsel. Finding Grissom had presented no non-frivolous factual or legal ground for appeal, the court denied both requests.

Grissom here appeals the district court's dismissal of his complaint and renews his motion to continue *in forma pauperis* and for appointment of counsel. He raises the following arguments on appeal: (1) defendant subjected him to cruel and unusual punishment by knowingly giving him a drug to which he was allergic, (2) denying him a flu shot that was given to other prisoners, (3) and giving him medication that had not been prescribed to him, and (4) defendant transferred him to another KDOC facility in retaliation for his administrative grievances.

After lodging this appeal, Grissom filed a second notice of appeal with the district court. Noting the appeal was already pending before the Tenth Circuit, the district court nonetheless denied Grissom's second request to proceed *in forma pauperis* and for appointment of counsel.

Grissom then appealed the denial of this order. This second appeal is duplicative of the first, again asking that we grant leave to proceed *in forma pauperis* and appoint counsel.

## II. Discussion

Section 1915A(b)(1), in pertinent part, permits the district court to dismiss an inmate's complaint if it "fails to state a claim upon which relief may be granted." We review the district court's dismissal for failure to state a claim under § 1915A(b) de novo. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). In conducting this review, "[w]e must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* (quotation omitted). "We review the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Id.* (quotation omitted). Because Grissom is a pro se litigant, we construe his pleadings and other papers generously. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

After careful review of the record, we conclude the district court did not abuse its discretion in dismissing Grissom's complaint. As an initial matter, the

district court is correct that the complaint does not allege facts suggesting the named defendant, Warden Rohling, was personally involved in the violation of Grissom's constitutional rights. And, although Grissom was advised of this deficiency and given the opportunity to amend the complaint by making the necessary allegations or adding additional defendants, he failed to do so.

We next consider the district court's finding that, even if it did construe the complaint as including additional defendants, the complaint would be subject to dismissal for failure to state a claim.

**A) Eighth Amendment Claim: Error in Drug Prescription**

In Grissom's first claim for cruel and unusual punishment, he alleges in April of 2006, Dr. Danny Stanton gave him the drug "Bactrim." Grissom claims that he explained to Stanton he was allergic to the drug and that his medical records noted this fact. He asserts he was intimidated into taking the Bactrim. Soon after, Grissom had a strong allergic reaction that included "swelling of his glands to his throat, hands, legs, and scrotum." R., Vol. I at 8. He was then given a different drug to which he was not allergic, and his allergy to "sulfa drugs" was noted in his medical records.

But, as the district court observed, this claim is barred by the two-year statute of limitations applicable to civil rights complaints. *See Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1188 (10th Cir. 2006). Because Grissom did not

file his complaint until June of 2010, more than four years after the events allegedly took place, this claim is subject to dismissal for failure to state a claim.

**B) Eighth Amendment Claim: Denial of H1N1 Flu Shot**

Next, Grissom asserts he was denied an H1N1 flu shot while other prisoners in administrative segregation received the inoculation. He argues this omission amounts to cruel and unusual punishment.

"A prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs—if he knows of and disregards an excessive risk to inmate health or safety." *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001) (internal quotations omitted). To prevail on a claim for denial of medical care, a plaintiff must show that he suffered harm sufficiently serious to implicate the Cruel and Unusual Punishment Clause. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). But here, Grissom fails to allege that he suffered any harm from the omission.

We therefore affirm the district court's dismissal of this claim.

**C) Eighth Amendment Claim: Error in Drug Distribution**

In his third claim on appeal, Grissom alleges a nurse mistakenly gave him a drug that was actually prescribed for another inmate. While it is not clear from the complaint, it appears that he is referring to a "Mrs. Young," who, he asserts,

-6-

"does not pay any attention [to] what medication she is giving out." R., Vol. I at 12.

Again, however, Grissom fails to allege he suffered any harm from the inadequate medical care. In fact, it seems likely, given his narrative of the event, that Grissom discovered the error before taking the drug, and never suffered any harm at all.

This claim is also deficient because Grissom does not allege facts suggesting Young acted with a culpable mental state. A prison official's "negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment, as medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (internal quotations and alterations omitted). In order to make a claim, a prisoner must show deliberate indifference, that is, that the official "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan*, 471 F.3d at 1159. Although the district court noted this requirement, Grissom failed to remedy the deficiency in an amended complaint. The district court therefore properly dismissed this claim.

**D) First Amendment Claim: Retaliation**

Finally, Grissom contends he was transferred to the El Dorado Correctional Facility in retaliation for filing multiple administrative complaints regarding the

Bactrim incident.  As the district court pointed out, this transfer occurred in May of 2006, more than four years before Grissom filed his complaint.  Thus, this claim is also subject to dismissal as barred by the two-year statute of limitations. *See Brown*, 465 F.3d at 1188.

## III.  Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court. We also DENY Grissom's request for leave to proceed *in forma pauperis* on appeal and for appointment of counsel.  Appellant is directed to make immediate payment of the appellate filing fees to the district court.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge