FILED
United States Court of Appeals
Tenth Circuit

October 4, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANKLIN C. SMITH,

     Plaintiff - Appellant,

v.

STANLEY GLANZ; TRACY
JENNINGS; DAWN MOODY, Judge,

     Defendants - Appellees.

No. 16-5089
(D.C. No. 4:15-CV-00573-GKF-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, GORSUCH** and **McHUGH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Plaintiff Franklin Smith, an inmate at the Tulsa County (Oklahoma) jail, initiated

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

these proceedings by filing a pro se complaint pursuant to 42 U.S.C. § 1983 alleging that the county sheriff, a judge assigned to the mental health court, and a supervisor at the jail colluded to prevent him from participating in a mental health program operated by the sheriff's department. The district court, after engaging in a preliminary screening of Smith's complaint pursuant to 28 U.S.C. § 1915A(a), dismissed Smith's claims against the judge with prejudice pursuant to 28 U.S.C. § 1915A(b)(2) on the basis of absolute judicial immunity. The district court subsequently dismissed Smith's claims against the remaining two defendants pursuant to Fed. R. Civ. P. 4(m) due to failure of service. Smith now appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

Smith is an inmate at the Tulsa County Jail in Tulsa, Oklahoma. On October 6, 2015, Smith, proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983 naming three defendants: Tulsa County Sheriff Stanley Glanz, Tulsa County Special Judge Dawn Moody, and Tracy Jennings, allegedly a supervisor at the Tulsa County Jail. In his complaint, Smith alleged that the three named defendants twice colluded, first in September 2014 and again in July 2015, to prevent him from participating in a mental health program operated by the Tulsa County Sheriff's Office. Smith further alleged that he was a "qualified person with a disability" under the Americans With Disabilities Act (ADA), and that defendants discriminated against him by excluding him from participating in the mental health program.

On December 22, 2015, the district court, acting pursuant to 28 U.S.C.

-2-

§§ 1915A(a) and (b)(2), conducted a preliminary screening of Smith's complaint and dismissed the claims asserted against Moody with prejudice on the basis of absolute judicial immunity. On that same date, the district court also directed the clerk of the court to issue summonses to defendants Glanz and Jennings and to deliver them to the United States Marshal for service on Glanz and Jennings.

On February 26, 2016, the district court issued an order directing Smith to show cause in writing within fourteen days why defendants Glanz and Jennings should not be dismissed from the action due to failure of service in accordance with Fed. R. Civ. P. 4(m). In its order, the district court noted that the United States Marshal was unable to serve Glanz because he was no longer employed by the Tulsa County Sheriff's Office. The district court also noted that service was not completed against Jennings because Jennings was neither an employee of the Tulsa County Sheriff's Office nor of a private entity that apparently provided health services at the jail.

On April 29, 2016, the district court issued an order dismissing Smith's claims against Glanz and Jennings without prejudice pursuant to Fed. R. Civ. P. 4(m). In doing so, the district court noted that Glanz and Jennings remained unserved and that Smith had failed to show cause for this failure.

Final judgment was entered in the case on April 29, 2016. Smith filed a notice of appeal on June 17, 2016.

## II

Smith argues on appeal that the district court erred in dismissing his claims against

defendant Moody pursuant to 28 U.S.C. § 1915A(b)(1). In particular, Smith argues that Moody "is not allowed to be shielded by absolute immunity under the (ADA) of Title II." Aplt. Br. at 3.

Section 1915A of Title 28 requires a district court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), and to "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, . . . fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief," id. § 1915A(b)(1) and (2). We review de novo a district court's dismissal of a prisoner's complaint under §§ 1915A(b)(1) and (2). See Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009).

To the extent Smith's complaint asserted claims against Moody under § 1983, we conclude that Moody was entitled to immunity for her judicial acts. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978). "The Supreme Court of the United States has long held that judges are generally immune from suits for money damages." Stein v. Disciplinary Bd. of Supreme Ct. of N.M., 520 F.3d 1183, 1195 (10th Cir. 2008). "There are only two exceptions to this rule: (1) when the act is not taken in the judge's judicial capacity; and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction." Id. Having carefully examined Smith's district court and appellate pleadings, we see nothing to suggest that either of these exceptions applies to Moody's conduct.

-4-

Smith's complaint also included references to Title II of the ADA. We have never addressed the question of whether judicial immunity extends to claims asserted against a state court judge under Title II of the ADA, and for good reason. That is because only public entities, and not individual public employees, such as Moody, may be held liable under the ADA. City and Cty. of San Francisco, Cal., 135 S. Ct. 1765, 1773 (2015) ("Only public entities are subject to Title II."). In other words, the issue of judicial immunity simply never arises because no individual, including a state court judge, may be held liable under Title II of the ADA. We therefore conclude that any claims asserted by Smith against Moody pursuant to the ADA were subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief could be granted.

Smith also challenges on appeal the district court's dismissal without prejudice of his claims against Glanz and Jennings due to failure of service. We review for abuse of discretion a district court's decision to dismiss for failure of service. See Espinoza v. United States, 52 F.3d 838, 840 (10th Cir. 1995).

In dismissing the claims against Glanz and Jennings, the district court relied on Fed. R. Civ. P. 4(m). That rule provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m).

-5-

According to the record, the district court in this case carefully complied with the requirements of Rule 4(m). In particular, the district court first notified Smith of its intention to dismiss the claims against Glanz and Jennings for failure of service and gave Smith time to show good cause for the failure of service. After Smith failed to respond and show good cause, the district court, as it was required to do under Rule 4(m), dismissed the claims against Glanz and Jennings without prejudice. In sum, we see no basis for concluding that the district court abused its discretion in taking this action.

### III

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge