FILED
United States Court of Appeals
Tenth Circuit

January 25, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CONWAY JAY TURNBOUGH, JR.,

    Plaintiff - Appellant,

v.

TIMOTHY D. WANTLAND; JAMES W.
ELY, JR.,

    Defendants - Appellees.

No. 16-5160
(D.C. No. 4:16-CV-00193-CVE-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.

Conway J. Turnbough, Jr., in state custody and proceeding pro se,[1] appeals from

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Turnbough is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's]

Continued . . .

the district court's dismissal of his complaint, which alleged claims against Timothy D. Wantland, his former appointed defense counsel, and James W. Ely, Jr., the assistant district attorney who prosecuted criminal cases against Mr. Turnbough.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

On April 11, 2016, Mr. Turnbough filed a 25-page complaint (including exhibits) against Mr. Wantland and Mr. Ely for denial of his due process and other civil rights under 42 U.S.C. § 1983.  His 44-page amended complaint (including exhibits), filed on July 7, 2016, alleged "additional claims" under § 1983 and state law.  The district court considered the factual allegations and claims in both complaints "in the interests of judicial economy" because Mr. Turnbough asserted his amended complaint was an addition to the original complaint.  *Turnbough*, 2016 WL 5415806, at * 1.

Mr. Turnbough alleged a conspiracy among Mr. Ely, Mr. Wantland, and Oklahoma state district Judge Maxey.  The original complaint alleged that, after Judge Maxey sentenced Mr. Turnbough for indecent exposure and lewd molestation (No. CF-2006-33) in a case that Mr. Ely prosecuted and Mr. Wantland defended, Mr. Turnbough told Mr. Wantland, "Get ready for another Jury Trial."  *See* Compl. Dist. Ct. Dkt. No. 2 at 3, ¶¶ 1-2.  Mr. Wantland looked at Judge Maxey and Mr. Ely and "loudly" announced: "Oh, those cases have already been dismissed."  *Id.* ¶ 3.

arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

Mr. Turnbough alleged that Mr. Wantland, Mr. Ely, and Judge Maxey conspired to punish Mr. Turnbough for demanding a jury trial by forging Mr. Turnbough's signature on a guilty plea for aggravated assault and battery (Case No. CF-2007-108). The date of the alleged "fake" plea was November 15, 2007—the same date as his sentence in the lewd molestation case. The "fake" plea in the aggravated assault case resulted in a five-year sentence set to run consecutively to the sentence in the lewd molestation case. According to Mr. Turnbough, he first learned about the "fake" conviction in October 2015 when a prison law librarian allowed him to look at his criminal docket.

Each complaint raises § 1983 claims, which rest on the alleged conspiracy to forge Mr. Turnbough's signature on the plea deal in the aggravated assault case. Specifically, Mr. Turnbough's first complaint asserts § 1983 claims for:

(1) "Retaliatory Conduct" in violation of his First Amendment right for the alleged conspiracy to enter a fake conviction against Mr. Turnbough for stating a jury trial demand, Compl. at 3; and

(2) Denial of his Fifth and Fourteenth Amendment due process rights for the alleged conspiracy, which deprived Mr. Turnbough of various trial rights in the assault and battery case, Compl. at 5-6.

Mr. Turnbough's second complaint also asserts § 1983 claims for:

(1) Denial of his "First Amendment Redress of Grievance" based on the alleged conspiracy to enter a fake conviction against him, App., Vol. I at 7-8, 19 (two claims based on a First Amendment right to redress of grievance); and

(2) Denial of his due process rights under the Fourteenth Amendment based on the same alleged conspiracy, App., Vol. I at 11, 16 (two claims based on the Fourteenth Amendment).

The amended complaint also alleged state law claims, including "deceit," fraud, and a "state constitutional tort" for Mr. Turnbough's "right to the redress of grievance." Mr. Turnbough seeks compensatory and punitive damages in both complaints.

Before Mr. Ely and Mr. Wantland were served with the complaints, the district court dismissed them on its own motion under 28 U.S.C. § 1915A. *See Turnbough v. Wantland*, No. 16-CV-0193-CVE-PJC, 2016 WL 5415806 (N.D. Okla. Sept. 28, 2016). The court held that the § 1983 claims based on the alleged conspiracy failed because Mr. Turnbough had not met his burden of pleading a conspiracy and dismissed them without prejudice. *Id.* at *4. The court further held that Mr. Ely was entitled to absolute prosecutorial immunity for the § 1983 claims. *Id.* at *5. And the § 1983 claims against Mr. Wantland failed because he was not a "state actor." *Id.* The court dismissed the § 1983 claims against them with prejudice. *Id.* It declined to exercise supplemental jurisdiction over the state law claims, which the court dismissed without prejudice. *Id.*

Mr. Turnbough now appeals certain parts of the court's ruling.

## II. **DISCUSSION**

On appeal, Mr. Turnbough argues the district court erred by failing (1) to find that, unless Mr. Ely, Mr. Wantland, and Judge Maxey conspired to forge his signatures, it was "impossible" to have his signatures forged on his guilty plea documents, (2) to find Mr. Ely became a co-conspirator and forged the signatures and was therefore not entitled to absolute immunity for his actions, (3) to address whether Mr. Wantland conspired with

- 4 -

Judge Maxey to bar Mr. Turnbough's access to the courts, and (4) to allow Mr. Turnbough to amend his complaint to include new evidence supporting the conspiracy.

A. *Standard of Review*

We review de novo a district court's dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009).

B. *Legal Standards*

Federal courts "shall" preliminarily screen a complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A court may dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). To assess whether a complaint fails to state a claim upon which relief may be granted, courts apply the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2011). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

C. *Analysis*

1. **§ 1983 Claims**

Mr. Turnbough's first three arguments challenge the district court's dismissal of his § 1983 claims for failure to state claims for conspiracy.

To properly allege a conspiracy under § 1983, a plaintiff must allege specific facts

that plausibly show (1) an agreement and concerted action between the defendants and (2) an actual deprivation of constitutional rights. *Shimomura v. Carlson*, 811 F.3d 349, 359 (10th Cir. 2015). "Conclusory allegations of conspiracy w[ill] not suffice." *Id.*

As noted, each of Mr. Turnbough's § 1983 claims rested on the allegations that Mr. Ely, Mr. Wantland, and Judge Maxey conspired to enter a fake plea against Mr. Turnbough in the aggravated assault case. We have carefully examined Mr. Turnbough's complaints and conclude the district court was correct to dismiss those conspiracy claims. The allegation that Mr. Wantland "loudly" announced other cases had been dismissed does not support a plausible claim that Mr. Wantland conspired with Mr. Ely and Judge Maxey to enter a fake plea against Mr. Turnbough. The complaints contain no other specific facts that would support the alleged conspiracy.

We affirm the district court's dismissal of the § 1983 claims.

2. **Leave to Amend**

Mr. Turnbough's fourth argument challenges the district court's failure to grant him leave to amend his complaint. But after the district court dismissed the claims, Mr. Turnbough did not ask for leave to file a second amended complaint (which would have been Mr. Turnbough's third complaint). We reject Mr. Turnbough's leave-to-amend argument raised for the first time on appeal and without a plain error argument. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011).

3. **Dismissal with Prejudice**

The district court dismissed the conspiracy claims "without prejudice." It also

dismissed those same claims against Mr. Ely and Mr. Wantland "with prejudice" as barred by prosecutorial immunity and the state-actor doctrine. We need not address whether the court correctly applied those doctrines or whether it properly dismissed the claims against Mr. Ely and Mr. Wantland on these grounds "with prejudice." Instead, we affirm dismissal of this case with prejudice on the alternative ground that allowing Mr. Turnbough a third opportunity to re-plead the § 1983 claims—which were devoid of any specific factual allegations that could support a plausible claim of conspiracy—would be futile. *See Shimomura*, 811 F.3d at 360 (affirming the dismissal with prejudice of claims where amendment would have been futile); *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190-91 (10th Cir. 2014) (affirming the *sua sponte* dismissal of claims with prejudice when any further opportunity to amend would be futile).

## III.  CONCLUSION

We affirm and remind Mr. Turnbough of his obligation to continue making partial payments until the entire filing fee has been paid.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge