FILED
United States Court of Appeals
Tenth Circuit

February 28, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CORNELIUS A. HARTZ,

    Plaintiff - Appellant,

v.

DARREN CAMPBELL, Law Enforcement
Officer/Security Guard, in his individual
and official capacity; JOSHUA SMITH,
District Attorney, in his individual and
official capacity; DAVID B.
DEBENHAM, District Court Judge, in his
individual and official capacity; TOPEKA
POLICE DEPARTMENT; SHAWNEE
COUNTY; STATE OF KANSAS,

    Defendants - Appellees.

No. 16-3127
(D.C. No. 5:15-CV-03068-SAC-DJW)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Cornelius A. Hartz, a pro se prisoner, appeals from a district court order that sua

sponte dismissed his civil-rights complaint for failure to state a claim. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

On May 20, 2014, a theft occurred at a Topeka, Kansas Walgreen's store. Specifically, a black male walked up to a clerk and asked for a carton of cigarettes and to look at a Bluetooth speaker. When the clerk placed the items on the counter, the man took them and left the store without paying.

The next day, the manager notified the store's security guard, Darren Campbell, about the theft. Campbell was an off-duty police officer from the Topeka Police Department. Campbell viewed surveillance video of the theft and interviewed the clerk.

On May 22, the clerk notified Campbell that the suspect had returned, and he pointed at Plaintiff Hartz. Campbell, who was in uniform, called dispatch and requested back up.

Campbell then approached Hartz, who was standing in a checkout line. Campbell directed him to come along to the manager's office and inquired whether he had stolen from the store two days earlier. Hartz denied any wrongdoing and expressed concern about his unguarded bicycle outside, urging Campbell to go outside with him. Hartz turned around, looked toward the front door, and bumped into Campbell several times. When it appeared that Hartz was trying to get to the front door, Campbell attempted to restrain him. This, Hartz agrees, "[c]aus[ed] [him] to become combative." R., Vol. I at 17.

A physical struggle ensued, and both men fell to the floor. Officer Campbell drew his Taser and pointed it at Hartz. Fearing that he might be tased, Hartz ran toward the front door, but again encountered Officer Campbell. Still fearful, Hartz retreated to the

back of the store and jumped out the pharmacy's drive-thru window. He was soon apprehended outside by police officers who had been dispatched to the scene based on Campbell's request for assistance.

Campbell later completed an arrest report for the incident, charging Hartz with battery against a police officer (a Class A misdemeanor), felony theft (based on prior theft convictions),[1] obstruction (a Class A misdemeanor), and criminal damage to property (a Class B misdemeanor). After several continuances, Hartz went to trial in December 2014. At the close of evidence, District Attorney Joshua Smith dismissed the obstruction charge and amended the battery charge to simple battery (a Class B misdemeanor). A jury found Hartz not guilty on the theft and criminal-damage charges, but guilty of battery. State District Judge David Debenham sentenced him to six months in the Shawnee County Jail.

Based on the Walgreen's encounter, Hartz filed a 42 U.S.C. § 1983 suit in federal court, naming six defendants: Campbell; District Attorney Smith; District Judge Debenham; the Topeka Police Department; Shawnee County; and the State of Kansas. Hartz alleged that he was detained and arrested based only on "probable cause to believe [he] had committed a misdemeanor theft," R., Vol. I at 4; prosecuted without "the video evidence of the alleged theft," *id.* at 5; and tried with "deliberate indifference to [Campbell's] unconstitutional actions," *id.* at 6. For relief, Hartz sought monetary damages exceeding five million dollars.

---

[1] Without the prior convictions, theft of the cigarettes and speaker would have been a Class A misdemeanor. *See* Kan. Stat. Ann. § 21-5801(b)(4) ("property . . . of the value of less than $1,500").

A magistrate judge screened Hartz's complaint and ordered him to show cause why the case should not be summarily dismissed for failure to state a claim. When Hartz failed to respond, a district judge "reviewed the findings and rulings of [the magistrate judge] together with the file," concluded that Hartz had failed to plead a plausible claim, and dismissed the case. *Id.* at 68.

Hartz appeals.[2]

## DISCUSSION

We review de novo the district court's dismissal for failure to state a claim. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). In doing so, "we accept as true the well pleaded factual allegations and then determine if the plaintiff has provided enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014). Because Hartz is proceeding pro se, we construe his filings liberally. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

On appeal, Hartz first addresses his seizure by Campbell. He contends that Campbell "acted on speculative information" and "allow[ed] his emotions to overcome his responsibilities as a police officer." Aplt. Br. at 3.

"The Fourth Amendment protects against unreasonable seizures." *Maresca v. Bernalillo Cty.*, 804 F.3d 1301, 1308 (10th Cir. 2015). "[I]nvestigative detentions[,]

---

[2] In addition to filing a notice of appeal challenging the dismissal, Hartz filed two motions to reopen. Both motions were denied and were not followed by an amended notice of appeal. Consequently, Hartz has perfected an appeal only from the district court's dismissal order. *See* Fed. R. App. P. 4(a)(4)(B)(ii) (providing that a party intending to challenge a prescribed post-judgment order must timely file a notice of appeal or an amended notice of appeal designating that order).

4

which are Fourth Amendment seizures of limited scope and duration[,] . . . must be supported by a reasonable suspicion of criminal activity," whereas arrests, which are "the most intrusive of Fourth Amendment seizures," are "reasonable only if supported by probable cause." *United States v. Madden*, 682 F.3d 920, 925 (10th Cir. 2012) (internal quotation marks omitted). Even assuming that Campbell's seizure of Hartz for the May 20 theft constituted an arrest, we conclude there was probable cause.

"Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Keylon v. City of Albuquerque*, 535 F.3d 1210, 1216 (10th Cir. 2008) (internal quotation marks omitted). "[T]he mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).

Before approaching Hartz, Officer Campbell had viewed the videotape of the theft. Further, the clerk—who had directly interacted with the thief—identified Hartz as the thief. Based on these circumstances, a prudent person could conclude that Hartz had committed the theft. *See Phillips v. Allen*, 668 F.3d 912, 915 (7th Cir. 2012) ("Identification by a single eyewitness who lacks an apparent grudge against the accused person supplies probable cause for arrest."); *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity[.]" (citation omitted)); *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir.1999) ("A law

enforcement officer is entitled to rely on an eyewitness identification to establish adequate probable cause with which to sustain an arrest."); *cf. Easton v. City of Boulder*, 776 F.2d 1441, 1449 (10th Cir. 1985) (stating that "when examining informant evidence used to support a claim of probable cause for . . . a warrantless arrest, the skepticism and careful scrutiny usually found in cases involving informants, sometimes anonymous, from the criminal milieu, is appropriately relaxed if the informant is an identified victim or ordinary citizen witness").

Hartz next argues that Campbell had no authority to seize him until "an on duty officer" arrived and investigated the matter. Aplt. Br. at 3. But if Campbell lacked such authority, we fail to see how he acted under color of state law for purposes of § 1983 liability. *See Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996) (noting that § 1983 liability requires an "exercise[ ] [of] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" (internal quotation marks omitted)).

To the extent Hartz complains he was arrested in violation of Kansas law for a misdemeanor completed outside of Campbell's presence,[3] "Fourth Amendment

---

[3] Kansas law permits a warrantless arrest for a misdemeanor completed outside an officer's "view" if there is probable cause to believe that the person committed the crime and

> (A) The person will not be apprehended or evidence of the crime will be irretrievably lost unless the person is immediately arrested;
>
> (B) the person may cause injury to self or others or damage to property unless immediately arrested; or
>
> (C) the person has intentionally inflicted bodily harm to another person.

protections [are not linked] to state law." *Virginia v. Moore*, 553 U.S. 164, 176 (2008). And neither the Supreme Court nor the Tenth Circuit has definitively declared that "the Fourth Amendment entails an 'in the presence' requirement for purposes of misdemeanor arrests," *Atwater v. City of Lago Vista*, 532 U.S. 318, 340 n.11 (2001); *see also Chimera v. Lockhart*, 511 F. App'x 785, 793 n.9 (10th Cir. 2013) (stating in dicta "that the circuits to have addressed the [in-presence] issue have consistently held that it does not" "give rise to § 1983 liability"). Indeed, it is widely recognized that the Fourth Amendment does not impose an in-presence requirement. *See Graves v. Mahoning City*, 821 F.3d 772, 778-79 (6th Cir. 2016) (collecting cases); 3 W. LaFave, *Search & Seizure* § 5.1(c) (2013) (stating that the in-presence requirement "is not mandated by the Fourth Amendment").

As for the dismissal of Hartz's claim against District Attorney Smith, Hartz states that he withheld "potentially exculpatory impeachment evidence" by not "produc[ing] the video evidence of the alleged theft." Aplt. Br. at 3. But a prosecutor has absolute immunity from a civil damages suit, even if he "deliberately withholds exculpatory information." *Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir. 2007).

Hartz's claim against Judge Debenham is likewise barred by the doctrine of absolute immunity. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (observing that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities" (internal quotation marks omitted)).

---

Kan. Stat. Ann. § 22-2401(c)(2).

7

Hartz does not argue that the district court erred in dismissing his claims against the State of Kansas, Shawnee County, or the Topeka Police Department. Nor could he. *See Coleman v. Court of Appeals of Md.*, 566 U.S. 30, 35 (2012) ("A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense."); *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (explaining that a municipality is not subject to § 1983 liability absent "a municipal 'policy' or 'custom' that caused the plaintiff's injury"). Moreover, "[t]he failure to raise an issue in an opening brief waives that issue." *Silverton Snowmobile Club v. U.S. Forest Serv.*, 433 F.3d 772, 783 (10th Cir. 2006) (internal quotation marks omitted).

## CONCLUSION

The judgment of the district court is affirmed. Hartz is thus eligible for a strike under the Prison Litigation Reform Act. *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011). Hartz's motion for leave to proceed without prepayment of costs and fees is granted, and he is reminded of his continuing obligation to make partial payments until the fees are paid in full.

Entered for the Court


Gregory A. Phillips
Circuit Judge

8