**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

ADAM FLETCHER YOUNG,

      Plaintiff-Appellant,

v.

JOEL DAVIS, Agent/FBI and/or DEA;
RANDALL R. RIEGER, Agent, ICE,

      Defendants.

No. 07-6271

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WESTERN OKLAHOMA**
**(D.C. No. 5:07-CV-00761-D)**

---

Submitted on the brief:[*]

Adam Fletcher Young, Pro Se.

---

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Adam Fletcher Young, an Oklahoma state prisoner appearing pro se, appeals the dismissal of his claim for false arrest/false imprisonment brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The district court determined that Mr. Young's claim was time-barred. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM the dismissal of his claim.

## I. Background

On July 9, 2007, Mr. Young filed his complaint, alleging that his Fourth Amendment rights were violated by federal agents Joel Davis and Randall Reiger. He asserted that, on January 26, 2005, defendants falsely arrested and imprisoned him at Enid Municipal Airport in Enid, Oklahoma, and then forced him to submit to continuing arrest and imprisonment by local Enid police officers. Mr. Young alleged also that Defendant Davis gave false and misleading testimony at his preliminary hearing in the ensuing criminal case, which caused him to be bound over for trial on July 18, 2005.

A magistrate judge screened Mr. Young's complaint pursuant to 28 U.S.C. § 1915A and issued a report recommending that the complaint be dismissed as time-barred. In his report, the magistrate judge explained that the public docket sheet for the criminal case resulting from Mr. Young's arrest, which is a matter of public record, showed that Mr. Young's first appearance before a magistrate occurred on January 28, 2005, at which time bond was set at $500,000. The

magistrate judge used this date as the accrual date for Mr. Young's claim.
Mr. Young acknowledged in his objections that he received a bail hearing on
January 28 during which he was informed of the charges against him and his bond
amount was set. The district court agreed with the magistrate judge that this was
the point at which "legal process was initiated against [Mr. Young]," and the
statute of limitations began to run from that date. R. Doc. 13 at 4. The district
court concluded that Mr. Young's claim was time-barred because he had not filed
it within two years from January 28, 2005, the date that he appeared before a
judicial officer and was lawfully detained. The district court dismissed
Mr. Young's complaint for failure to state a claim upon which relief can be
granted pursuant to 28 U.S.C. § 1915A(b)(1). Mr. Young appeals from that
decision.

## II. Standard of Review

Dismissal for failure to state a claim is a legal question we review de novo.
*McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). "We must accept all the
well-pleaded allegations of the complaint as true and must construe them in the
light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d
1210, 1215 (10th Cir. 2007) (quotation omitted). "We review the complaint for
plausibility; that is, to determine whether the complaint includes enough facts to
state a claim to relief that is plausible on its face." *KT & G Corp. v. Att'y Gen.*,
535 F.3d 1114, 1134 (10th Cir. 2008) (quotations and citation omitted).

## III. Discussion

"A *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues." *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007). In Oklahoma, the limitations period for a personal injury action is two years. *See* Okla. Stat. tit. 12, § 95(A)(3).

Mr. Young argues that his claim did not accrue until July 18, 2005, when he was bound over for trial, relying on *Wallace v. Kato*, 549 U.S. 384, 389 (2007). In *Wallace*, the Supreme Court held that a claim for false arrest/false imprisonment accrues when the victim becomes held pursuant to legal process, "for example, [when] he is bound over by a magistrate or arraigned on charges." *See id*. at 389-90. Mr. Young argues alternatively that the accrual date should be tolled until July 18, 2005, because he did not have access to a law library or other legal resources during the time period from his arrest on January 26 to the hearing on July 18.

In *Wallace*, the Court explained that the tort of false arrest/false imprisonment arises out of detention without legal process, whereas the tort of malicious prosecution arises out of detention after the wrongful institution of legal process. *Id*. The district court concluded that Mr. Young's allegation regarding Defendant Davis's false testimony at the July 18 hearing, which caused him to be bound over for trial, did not support his claim for false arrest but,

-4-

instead, would be attributable to a claim for wrongful institution of legal process. The district court noted, however, that Mr. Young made clear in his objections to the magistrate judge's report and recommendation that he was not raising a claim based on any torts other than false arrest/false imprisonment. Mr. Young has not raised any issue on appeal with respect to the district court's conclusion on this matter.

A.  Claim Accrual Date

The district court correctly decided that Mr. Young became held pursuant to legal process on January 28, 2005. Mr. Young was arrested without a warrant. In a warrantless arrest situation, "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Gerstein v. Pugh*, 420 U.S. 103, 113-14 (1975). The public docket sheet from Mr. Young's criminal case, which he attached to his objections to the magistrate judge's report, shows that on January 28, the same day he received his bond hearing, a judge made a finding of probable cause to further detain him. Although a probable cause determination by a judicial officer was not given as one of the examples of legal process in *Wallace*, the Court was not providing a complete list of situations that could constitute the initiation of legal process. *See Wallace*, 549 U.S. at 389.

In *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008), this court identified another example of the institution of legal process–an arrest warrant.

An arrest warrant and the probable cause determination by a judicial officer after a warrantless arrest are essentially the same legal process, except that one occurs prior to arrest and the other occurs after. *See Gerstein*, 420 U.S. at 125 (holding that states must provide a probable cause determination "for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest."); *cf. Baker v. McCollan*, 443 U.S. 137, 143 (1979) ("Since an adversary hearing is not required, and since the probable cause standard for pretrial detention is the same as that for arrest, a person arrested pursuant to a warrant issued by a magistrate on a showing of probable-cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial."). Because there was a judicial determination of probable cause on January 28, 2005, Mr. Young became lawfully detained pursuant to legal process at that point, and the statute of limitations began to run on his false arrest/false imprisonment claim. Mr. Young's complaint was not filed until July 9, 2007, more than two years after his cause of action accrued. Accordingly, the district court was correct in dismissing his claim as being barred by the applicable statute of limitations.

B. Equitable Tolling

The district court correctly concluded that Mr. Young did not present any factual circumstances that would justify equitable tolling. "[S]tate law governs the application of tolling in a [federal] civil rights action." *Alexander v.*

*Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004). "In general, Oklahoma permits the tolling of a statute of limitations in two circumstances." *Id*. The first circumstance is the existence of a legal disability, which has been applied in cases where a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority. *Id*. The second circumstance is when "defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights." *Id*. (quotation omitted). This court noted also that "[i]n the appropriate case, exceptional circumstances may justify tolling a statute of limitations." *Id*. at 1219. Mr. Young's allegations do not fit within any of these circumstances.

Mr. Young argues on appeal that he did not know either the elements of the crime with which he was charged or the requirements for a warrantless arrest until July 18, and, therefore, his cause of action for false arrest/false imprisonment could not accrue until that date. Mr. Young's insufficient knowledge of these issues has no bearing on the accrual date for his claim. *See id*. at 1219 n.6. Mr. Young's cause of action accrued at the earliest when he was arrested, *see Wallace*, 549 U.S. at 388, and at the latest when legal process was initiated against him two days later, *see id*. at 389-90. There is nothing about these factual circumstances that would trigger tolling under Oklahoma law–no legal disability, no fraudulent concealment, and no exceptional circumstances.

Mr. Young argues that the statute of limitations should be tolled for the

period that he did not have access to a law library from January 26, 2005, until July 18, 2005. As this court explained in *Alexander*, "the Oklahoma discovery rule tolls the statute of limitations until an injured party knows of, or *in the exercise of reasonable diligence*, should have known of or discovered the injury, and resulting cause of action." 382 F.3d at 1217 (quotation omitted). Mr. Young fails to explain how his lack of access to a law library during this six-month period prevented him from timely filing his complaint eighteen months later, before the statute of limitations expired on January 28, 2007. He has not shown that he pursued his claims with reasonable diligence and therefore is not entitled to equitable tolling.

In the federal habeas context, as with the Oklahoma discovery rule, this court has concluded that the statute of limitations may be tolled for extraordinary circumstances, but tolling is only appropriate when an inmate diligently pursues his claim. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In *Miller*, the petitioner argued that he could not timely file his claim because he lacked access to federal statutes and Colorado case law during the two-year period of time that he was housed in a private correctional facility in Minnesota. This court noted that "this did not explain Mr. Miller's lack of pursuit of his federal claims before the transfer from Colorado to Minnesota, from October 4, 1993 until January 20, 1995." *Id*. This court affirmed the dismissal of Mr. Miller's complaint as untimely because Mr. Miller had not provided any "specificity regarding the

alleged lack of access and the steps he took to diligently pursue his federal claims." *Id.* As in *Miller*, Mr. Young has not provided sufficient specificity about the alleged lack of access and his attempts to diligently pursue his claims. Mr. Young's alleged lack of law library access during six months of the two-year statute of limitations period does not present circumstances establishing eligibility for equitable tolling.

## IV. Conclusion

The judgment of the district court is AFFIRMED. Mr. Young's motion to proceed in forma pauperis is GRANTED. Mr. Young is reminded that he must continue making partial payments until the filing fee is paid in full.