FILED
United States Court of Appeals
Tenth Circuit

December 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PETER N. GEORGACARAKOS,

      Plaintiff - Appellant,

v.

MICHAEL NALLEY, BOP Regional
Director, Kansas City, Kansas; (FNU)
DENNEY, Regional Psychologist,
Kansas City, Kansas,

      Defendants - Appellees.

No. 09-3224

(D. Kansas)

(D.C. No. 5:08-CV-03279-SAC)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Peter Georgacarakos appeals from the district court's dismissal of his civil rights suit brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Georgacarakos sued Michael Nalley, the Regional Director of the Bureau of Prisons North Central Region, and "Dr. Denney," listed in the complaint as the Regional Psychologist of the Bureau of Prisons North Central Region. Concluding Georgacarakos's complaint failed to state sufficient facts, which if true, would establish that Nalley or Denney personally participated in any violation of his constitutional rights, the district court dismissed the complaint for failure to state a claim. 28 U.S.C. § 1915A(b)(1). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

Upon its filing, the district court screened Georgacarakos's complaint pursuant to 28 U.S.C. § 1915A(a). As a result of that review, the district court ordered Georgacarakos to show cause why his complaint should not be dismissed for failure to state a valid civil rights claim against Nalley or Denney. 28 U.S.C. § 1915(b)(1). In particular, the district court noted Georgacarakos's complaint failed to allege any specific action on the part of the defendants in the alleged violation of his rights. Instead, the complaint merely asserted, in completely cursory fashion, that Nalley and Denney had participated in an amorphous conspiracy to violate his rights or had "condoned" the conduct of their subordinates in violating his rights. *See Tonkovich v. Kan. Bd. of Regents*, 159

F.3d 504, 533 (10th Cir. 1998) (holding conclusory allegations of conspiracy are insufficient to state a valid civil rights claim); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) (holding government officials cannot be held vicariously liable for conduct of their subordinates). When Georgacarakos's response to the order to show cause did not cure the deficiencies previously identified, the district court dismissed the complaint for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

This court reviews de novo the district court's dismissal of a prisoner's complaint under § 1915A(b)(1). *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). Consideration of the entire record and de novo review of the district court's order of dismissal demonstrates the district court correctly resolved this case. In particular, as noted by the district court, Georgacarakos's complaint utterly fails to demonstrate Nalley or Denney personally participated in the alleged violations of his constitutional rights. Furthermore, the district court quite properly refused to transfer the case to the United States District Court for the District of Colorado, as that court had previously dismissed these very claims because it lacked personal jurisdiction over Nalley and Denney. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) ("[Section] 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants . . . .").

The United States District Court for the District of Kansas is hereby

**AFFIRMED** for substantially those reasons set out in its order of dismissal dated

July 29, 2009.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge