**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BARRY GENNARD TILLIS,

          Petitioner - Appellant,

v.

ROBERT EZELL, Warden,

          Respondent - Appellee.

No. 12-5026

(N.D. Oklahoma)

(D.C. No. 4:11-CV-00050-TCK-PJC)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

Defendant Barry Gennard Tillis, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application for habeas relief. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of application). We deny the application for a COA because no reasonable jurist could debate the district court's decision that his application was untimely.

Defendant pleaded guilty on July 13, 2009, in Oklahoma state court to charges of assault and battery with a deadly weapon, feloniously pointing a firearm, and being a felon in possession of a firearm. He was sentenced to 15 years' imprisonment on July 15. On July 31 he filed a motion to withdraw his guilty plea. The trial court denied the motion as untimely because Oklahoma law

affords defendants only ten days to move to withdraw a plea. *See* Okla. R. Crim. App. 4.2. Defendant did not appeal.

On April 26, 2010, Defendant filed a postconviction application for relief in state court, arguing that his sentence was illegally enhanced by the use of a prior "expired" felony. The application also stated that he did not timely appeal his conviction because of inadequate information from his attorney. The trial court denied the application on May 28 on the ground that Defendant had waived his claims by failing to file a direct appeal. Defendant filed a petition in error on August 6 to challenge this denial, but on November 9 the OCCA declined jurisdiction because his appellate pleadings were not timely. *See* Okla. Stat. tit. 22, § 1087 (1970) (petition in error must be filed within 30 days of the district court's final order).

On January 18, 2011, Defendant placed in the prison mailing system an application for relief under § 2254 to the United States District Court for the Northern District of Oklahoma, claiming that his sentence was illegally enhanced and his court-appointed counsel had been ineffective. The district court found that statutory tolling did not suffice to make the application timely and that equitable tolling was not warranted. It dismissed the application as untimely.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In this case we see no debatable issues regarding the district court's thorough discussion of Defendant's claims of statutory and equitable tolling. We add only that his equitable-tolling claim based on prison lockdowns fails because he provided the district court no information about when the lockdowns occurred, how long they lasted, or what steps he took to pursue his claims. *See Young v. Davis*, 554 F.3d 1254, 1258–59 (10th Cir. 2009) ("[The defendant] has not provided sufficient specificity about the alleged lack of access and his attempts to diligently pursue his claims."). Although Defendant claims that the district court

should have granted his request for an evidentiary hearing on his tolling issues, his allegations were inadequate to call for a hearing. *See Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) (court did not abuse discretion in denying request for evidentiary hearing on equitable tolling when the petitioner had failed to allege extraordinary circumstances).

Because no reasonable jurist could debate the district court's dismissal of Defendant's application, we DENY his request for a COA and DISMISS the appeal. We also DENY his Motion for Appointment of Counsel and his Motion for Leave to Supplement Appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-4-