**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PHILIP ANDRA GRIGSBY,

    Plaintiff - Appellant,

v.

PATRICIA MACKE DICK, Reno County
Chief District Judge; TIMOTHY J.
CHAMBERS, Reno County District
Judge; TRISH ROSE, Reno County
District Judge; CANDACE BRIDGESS,
Kansas Legal Services Attorney,

    Defendants - Appellees.

No. 16-3184

(D.C. No. 5:15-CV-03269-SAC-DJW)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, GORSUCH** and **McHUGH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Philip Grigsby, a federal inmate serving a lengthy term of imprisonment, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 naming as defendants three Kansas state district judges and a licensed Kansas attorney, all of whom were allegedly involved in Grigsby's divorce proceedings and/or two "child in need of care" judicial proceedings involving Grigsby, his ex-wife, and their minor daughter. Grigsby's complaint alleged that defendants acted unethically and violated his procedural rights in the state proceedings. The district court, after engaging in a preliminary screening of Grigsby's complaint pursuant to 28 U.S.C. § 1915A(a), dismissed the claims without prejudice. Grigsby now appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In 2012, Grigsby pleaded guilty in federal court to ten criminal counts and was sentenced to a total term of imprisonment of 260 years. In 2013, Grigsby, while incarcerated in connection with his federal convictions, was involved in three judicial proceedings in Reno County, Kansas: a divorce proceeding that he initiated and two "child in need of care" proceedings that involved his ex-wife and minor daughter.

On December 9, 2015, while still incarcerated and serving his lengthy prison term, Grigsby initiated these proceedings by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] The complaint, liberally construed, named as defendants three Kansas

---

[1] Grigsby sought and was granted leave by the district court to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

state judges who presided over the Reno County proceedings, as well as an attorney who represented his ex-wife in the Reno County proceedings. The complaint alleged that (1) Grigsby was repeatedly "denied notice of filed court documents to include hearing dates and orders," ROA, Vol. 1 at 7, (2) "[t]he nature of . . . Grigsby's incarceration was used against him in denying [him] access to court proceedings which were not connected with [his] incarceration offenses," id., and (3) defendants "fail[ed] to recognize . . . Grigsby as pro-se counsel" and also "fail[ed] to recognize" the pro se "motions and briefs" that he filed," id. at 8. In his request for relief, Grigsby asked for the following: "Investigation into unethical practices by court officers of the Reno County Courthouse, a fair and just divorce proceeding, appointment of counsel, release of documents, and transcripts from the" Reno County cases. Id. at 9.

The district court conducted a preliminary screening of Grigsby's complaint pursuant to 28 U.S.C. § 1915A(a) and concluded that the complaint was subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and (2). More specifically, the district court concluded that the defendant state court judges were entitled to absolute judicial immunity from Grigsby's claims, that the defendant attorney who represented Grigsby's ex-wife was not a state actor, and that the Supreme Court's Rooker/Feldman abstention doctrine prohibited it from "review[ing] state court proceedings on domestic matters." Id. at 35. The district court therefore dismissed the complaint without prejudice and entered judgment in the case.

Grigsby now appeals the district court's order of dismissal.

3

II

Section 1915A of Title 28 requires a district court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), and to "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, . . . fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief," id. § 1915A(b)(1) and (2). Somewhat similarly, a district court may also, in any case in which the plaintiff has been authorized to proceed without prepayment of fees, dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). We review orders of dismissal under these statutes *de novo*. See Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009) (addressing district court's dismissal of a prisoner's complaint under §§ 1915A(b)(1) and (2)); Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007) (addressing dismissal of complaint under § 1915(e)(2)(B)).

After examining Grigsby's pleadings and the record on appeal, we conclude that the district court properly dismissed Grigsby's complaint. To begin with, we agree with the district court that the complaint was subject to dismissal pursuant to the Supreme Court's "Rooker/Feldman abstention doctrine, under which a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in

a United States district court." <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005–06 (1994). We also agree with the district court that, to the extent Grigsby was seeking money damages against the Reno County judges named as defendants in his complaint (and it is not at all clear that he was actually seeking such damages), they were entitled to absolute judicial immunity from his claims. <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-57 (1978); <u>Stein v. Disciplinary Bd. of Supreme Ct. of N.M.</u>, 520 F.3d 1183, 1195 (10th Cir. 2008) (outlining narrow exceptions to the rule of absolute judicial immunity). Lastly, we agree with the district court that the attorney who represented Grigsby's ex-wife in the Reno County proceedings was a private actor and therefore not subject to suit under § 1983. <u>See</u> <u>Anderson v. Suiters</u>, 499 F.3d 1228, 1233 (discussing when private actors can be considered state actors for purposes of § 1983).

## III

The judgment of the district court is AFFIRMED. The motion to proceed *in forma pauperis* is DENIED. Mr. Grigsby is obligated to pay the filing fee in full.

Entered for the Court

Mary Beck Briscoe
Circuit Judge