**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRISTOPHER DAVID BROWN,

    Plaintiff - Appellant,

v.

JAMES HEIMGARTNER, Warden,
El Dorado Correctional Facility, in his
individual and official capacity; RAY
ROBERTS, Secretary of Corrections for
KDOC, in his individual and official
capacity; DOUGLAS W. BURRIS,
Secretary of Corrections Designee, in his
individual and official capacity; PAUL
SNYDER, Deputy Warden, El Dorado
Correctional Facility, in his individual and
official capacity; GARY WILSON, Deputy
Warden, El Dorado Correctional Facility,
in his individual and official capacity;
SUSAN R. GIBREAL, Deputy Warden,
El Dorado Correctional Facility, in her
individual and official capacity; FRED
EARLY, Deputy Warden, El Dorado
Correctional Facility, in his individual and
official capacity; JARRED WATSON,
Deputy Warden, El Dorado Correctional
Facility, in his individual and official
capacity; ROBERT SAPIEN, Unit Team
Manager, El Dorado Correctional Facility,
in his individual and official capacity;
KATI PRICE, Mail Room Staff, El Dorado
Correctional Facility, in her individual and
official capacity; LEANDRE MCCLUER,
Mail Room Staff, El Dorado Correctional
Facility, in her individual and official
capacity; S. POSTOVITS, Mail Room
Staff, El Dorado Correctional Facility, in
her individual and official capacity, a/k/a

No. 17-3158
(D.C. No. 5:16-CV-03132-SAC-DJW)
(D. Kan.)

Jane Postovits; DALE R. CALL, Mail Review Officer, El Dorado Correctional Facility, in his individual and official capacity; MARSHA BOS, Mail Review Officer, El Dorado Correctional Facility, in her individual and official capacity; C. JANE ST. PETER, Unit Team, El Dorado Correctional Facility, in her individual and official capacity; KEVIN EDWARDS, Mental Health Staff, El Dorado Correctional Facility, in his individual and official capacity; AMANDA KING-BENAWAY, Mental Health Staff, El Dorado Correctional Facility, in her individual and official capacity; SUSAN DELAP, Clinical Administrator, El Dorado Correctional Facility, in her individual and official capacity; COLETTE WINKELBAUER, Publication Reviewer, Lansing Correctional Facility, in her individual and official capacity; JIM COLLINS, Publication Reviewer, Lansing Correctional Facility, in his individual and official capacity; MICHAEL J. SMITH, Legal Counsel, El Dorado Correctional Facility, in his individual and official capacity; MARY NELSON, Mail Room Staff, Hutchinson Correctional Facility, in her individual and official capacity; PATTY KEEN, Mail Room Staff, Hutchinson Correctional Facility, in her individual and official capacity; A. AYALA-PAGAN, KDOC Central Office Secretary of Corrections Designee, in her individual and official capacity; JOHNNIE GODDARD, Deputy Secretary of Corrections, in his individual and official capacity; JACK CAUBLE, Business Administrator, El Dorado Correctional Facility, in his individual and official capacity; MIKE DRAGOO, Major, El Dorado Correctional Facility, in his individual and official capacity; PHILLIP

2

A. PATTERSON, Unit Team, El Dorado Correctional Facility, in his individual and official capacity; JARRIS PERKINS, Unit Team, El Dorado Correctional Facility, in his individual and official capacity; ALLISON AUSTIN, Unit Team, El Dorado Correctional Facility, in her individual and official capacity; LARRY HOSHAW, Unit Team Manager, El Dorado Correctional Facility, in his individual and official capacity; TAMI MARTIN, Unit Team Manager, El Dorado Correctional Facility, in her individual and official capacity; TIMOTHY RANDA, Segregation Lieutenant, El Dorado Correctional Facility, in his individual and official capacity; RANDOLPH BUCHANAN, Disciplinary Hearing Officer, El Dorado Correctional Facility, in his individual and official capacity; RANDOLPH JOHNSON, Disciplinary Hearing Officer, El Dorado Correctional Facility, in his individual and official capacity; RYAN D. GEAN, Correctional Guard, El Dorado Correctional Facility, in his individual and official capacity; NICHOLAS D. WANER, Correctional Guard, El Dorado Correctional Facility, in his individual and official capacity; GAGE CLASEN, Correctional Guard, El Dorado Correctional Facility, in his individual and official capacity; TRENT GUNTER, PREA Coordinator, El Dorado Correctional Facility, in his individual and official capacity; JOHN DARNELL, Employed by Corizon at El Dorado Correctional Facility, in his individual and official capacity; MAYA C. BROWN, Correctional Guard, El Dorado Correctional Facility, in her individual and official capacity; TOM HERMRECK, EAI at El Dorado Correctional Facility, in his individual and official capacity; JOHN CANNON, EAI

3

at El Dorado Correctional Facility, in his individual and official capacity; ANGELA F. GREENWOOD, Correctional Guard, El Dorado Correctional Facility, in her individual and official capacity; ASHLEY E. MCKEEN, Correctional Guard, El Dorado Correctional Facility, in her individual and official capacity; LYLE F.L. SHERWOOD, Correctional Guard, El Dorado Correctional Facility, in his individual and official capacity; GRACE WHITESIDE, Correctional Guard, El Dorado Correctional Facility, in her individual and official capacity; DUSTIN RANDOLPH, Correctional Guard, El Dorado Correctional Facility, in his individual and official capacity; BILLIE GREY, Correctional Guard, El Dorado Correctional Facility, in his individual and official capacity; KEVIN PAIGE, Correctional Guard, El Dorado Correctional Facility, in his individual and official capacity; DEANE W. DONLEY, Deputy Warden, El Dorado Correctional Facility, in his individual and official capacity; ANDREW JOHNSON, Correctional Guard, El Dorado Correctional Facility, in his individual and official capacity; TYLER A. GOODRICH, Correctional Guard, El Dorado Correctional Facility, in his individual and official capacity; TALON C. NORDQUIST, Correctional Guard, El Dorado Correctional Facility, in his individual and official capacity; BROOK HAUBENSTEIN, Nurse, El Dorado Correctional Facility, in her individual and official capacity; BRIAN C. BENAWAY, Correctional Guard, El Dorado Correctional Facility, in his individual and official capacity; JOHN HUCKABEE, Correctional Guard, El Dorado Correctional Facility, in his individual and

4

official capacity; TODD WELDON, Director of Nursing, El Dorado Correctional Facility, in his individual and official capacity; SONNY LEE, Guard, El Dorado Correctional Facility, in his individual and official capacity; JOHN DERRINGER, Corizon Nurse, El Dorado Correctional Facility, in his individual and official capacity; JAMES GRIFFITTS, EAI, El Dorado Correctional Facility, in his individual and official capacity; JAIME TRAVNICEK, EAI, El Dorado Correctional Facility, in her individual and official capacity; JOHN/JANE DOES (1), Gym and yard Staff, El Dorado Correctional Facility, in their individual and official capacity; JOHN/JANE DOES (2), Maintenance, El Dorado Correctional Facility, in their individual and official capacity; JOHN/JANE DOES (3), EAI at El Dorado Correctional Facility, in their individual and official capacity,

Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRISCOE**, **HARTZ**, and **McHUGH**, Circuit Judges.

_____

Christopher David Brown, a prisoner proceeding pro se, filed this action under

42 U.S.C. § 1983 against defendants at the El Dorado Correctional Facility and the

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Kansas Department of Corrections. His lengthy complaint named a large number of defendants and included voluminous attachments. A magistrate judge screened the complaint, *see* 28 U.S.C. § 1915A, identified multiple deficiencies,[1] ordered him to show cause why his complaint should not be dismissed, and required him to file an amended complaint.

On review of the magistrate judge's order, the district court agreed that the initial complaint was deficient and dismissed it. *See* 28 U.S.C. § 1915A(b)(1) (requiring dismissal of prisoner complaint seeking relief from officer or employee of government entity that fails to state a claim on which relief may be granted). It then screened Mr. Brown's amended complaint, found it to be deficient, and dismissed it without prejudice as well. It also denied a number of Mr. Brown's motions, including motions seeking the appointment of counsel.

The district court ordered Mr. Brown to file a second amended complaint. He ultimately failed to do so, but he filed four successive motions seeking additional time to comply with the district court's order. The district court granted his first three motions, warning him that it would be reluctant to grant further extensions, then

---

[1] The magistrate judge concluded the complaint violated Rule 8 of the Federal Rules of Civil Procedure because it did not contain a short and plain statement of Mr. Brown's claims. It violated a District of Kansas local rule because it was not submitted on court-approved forms. Instead, it referred the court to attached pages, which contained "handwritten, run-together, sometimes illegible and certainly prolix statements," which were not separated into distinct counts. R. at 890-91. The complaint contained 750 pages of unnecessary exhibits, some of them duplicates. On the merits, it failed to adequately allege personal participation by each defendant and to allege facts plausibly showing that Mr. Brown had been injured by their actions. In addition, some of the claims appeared to be barred by the statute of limitations.

denied the fourth. It then dismissed this action without prejudice. Mr. Brown appeals. We have jurisdiction, *see* 28 U.S.C. § 1291, and affirm.

We review de novo the district court's dismissals under 28 U.S.C. § 1915A. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). To state a claim, a complaint "must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ghailani v. Sessions*, 859 F.3d 1295, 1303 (10th Cir. 2017) (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nly a complaint that states a plausible claim for relief will survive a motion to dismiss." *Id.* at 1304 (brackets and internal quotation marks omitted). We construe Mr. Brown's pro se filings liberally, but do not serve as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

In his appeal brief, Mr. Brown re-asserts his allegations against the defendants without specifically challenging the district court's bases for dismissing his complaints. These allegations largely fail to specify what each individual defendant did to injure him and when. For the reasons stated in its order of January 31, 2017, we conclude the district court properly dismissed both the original and amended complaints.

Construed liberally, Mr. Brown's brief also challenges the district court's refusal to grant him a fourth extension of time to file a second amended complaint. "We review the denial of an extension of time for an abuse of discretion." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). We find no abuse of discretion here. To the contrary, the district court was exceptionally patient.

The district court may grant an extension of time "for good cause." *Id.* (quoting Fed. R. Civ. P. 6(b)(1)). The district court had already provided Mr. Brown more than 100 days to file a second amended complaint. During that period, and before, he had filed hand-written pleadings of substantial length as well as prison grievances, despite alleging problems with hand pain and with his mental health.

In his appeal brief, Mr. Brown complains the defendants prevented him from accessing the courts by destroying his legal papers, including an amended complaint he prepared. But he provides no specifics about when this complaint was destroyed, by whom, and why its destruction prevented him from filing a second amended complaint by the repeatedly extended deadline. Under these circumstances, we find no abuse of discretion in the district court's denial of a fourth extension of time for Mr. Brown to file a second amended complaint.

Read liberally, Mr. Brown's opening brief also challenges the district court's denial of his motions for appointment of counsel, for a temporary restraining order or preliminary injunction, to lodge documents with the district court clerk, to confirm that certain documents were filed with the district court, to answer his questions or clarify certain matters for him, and to reassign the case to a different judge. Mr. Brown has not shown that the district court erred in denying any of these motions. To the contrary, the district court considered the many motions he filed and resolved them patiently and appropriately.

We affirm the district court's judgment. All pending appellate motions are denied. The district court previously granted Mr. Brown leave to proceed in forma

8

pauperis on appeal, and we remind him of his obligation to continue making partial payments until the entire filing fee has been paid.

Entered for the Court


Harris L Hartz
Circuit Judge