**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVIS J. GOBERT,

      Plaintiff - Appellant,

v.

MILLICENT NEWTON-EMBRY,
Regional Director, Oklahoma Department
of Corrections; MARK KNUTSON,
Manager of Administrative Review
Authority, Oklahoma Department of
Corrections; KRISTIN TIMS, Manager of
Sentence Administration, Oklahoma
Department of Corrections; JANET
DOWLING, Warden, Dick Conner
Correctional Center; REBECCA GUESS,
Records Officer, Dick Conner Correctional
Center,

      Defendants - Appellees.

No. 19-6159
(D.C. No. 5:18-CV-00925-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Davis J. Gobert, an Oklahoma prisoner proceeding pro se, appeals from the district court's dismissal with prejudice of his 42 U.S.C. § 1983 claim and dismissal without prejudice of his state-law claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

An Oklahoma court sentenced Mr. Gobert to consecutive sentences of life imprisonment for first-degree murder and 25 years' imprisonment for second-degree murder. Under Oklahoma law, he must serve 85 percent of his life sentence before becoming eligible for parole consideration (the "85% Rule"). *See* Okla. Stat. tit. 21, §§ 12.1, 13.1. For purposes of determining eligibility for parole consideration, the Oklahoma Pardon and Parole Board calculates a life sentence as 45 years. *See Runnels v. State*, 426 P.3d 614, 622 (Okla. Crim. App. 2018); *Anderson v. State*, 130 P.3d 273, 282 (Okla. Crim. App. 2006). Mr. Gobert therefore estimates he must serve 85% of 45 years, or 38 years and 3 months, before he can be considered for parole. He will be eligible for parole consideration starting in June 2040.

Mr. Gobert challenges certain entries on his Consolidated Record Card ("CRC"), the Department of Corrections' record of his sentence. In the blanks marked "85% Date" and "Remaining," his CRC states "Life." R. at 96. Mr. Gobert wants the defendants to calculate and record on his CRC the date that he is eligible for release under the 85% Rule (his "eligible release date") and the number of days

2

remaining until he satisfies the 85% Rule, based on a 45-year sentence.[1] He believes that by inserting "Life" in the blanks rather than calculating his eligible release date and reflecting the number of days remaining until that date, the defendants are denying him credit toward satisfying the 85% Rule.

After officials denied his administrative grievances, Mr. Gobert sued in Oklahoma state court under § 1983 and state law. The defendants removed the case to federal court. Initially it was unclear to the federal court whether Mr. Gobert could proceed under § 1983, or whether his claim instead should proceed as a habeas claim under 28 U.S.C. § 2241. The court ultimately allowed him to proceed under § 1983 on the understanding that he challenges the defendants' recordkeeping procedures rather than the fact or duration of his confinement.[2]

The defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), but the magistrate judge recommended that the court dismiss the § 1983 claim on screening under 28 U.S.C. § 1915A. The magistrate judge further recommended that the district court decline to exercise supplemental jurisdiction over the state-law claims and dismiss them without prejudice. After Mr. Gobert filed timely objections

---

[1] The defendants point out that if Mr. Gobert is granted parole on the life sentence, instead of being released, he will begin serving his consecutive 25-year sentence. While we use the term "eligible release date" for convenience, we recognize that Mr. Gobert will not actually be released if he is granted parole on the life sentence.

[2] The defendants did not file objections to the magistrate judge's determination that Mr. Gobert could proceed under § 1983.

to the report and recommendation, the district court adopted the recommendation and entered judgment for the defendants.[3]

## DISCUSSION

Section 1915A directs the district court to screen complaints and to dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from an immune defendant. 28 U.S.C. § 1915A(a), (b). We review de novo the § 1915A dismissal of a complaint for failure to state a claim. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). "We review the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). Because Mr. Gobert proceeds pro se, we construe his filings liberally, but we do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by an official acting "under color of" state law. 42 U.S.C. § 1983. Mr. Gobert claims a violation of the right to due process, which requires him to show the existence of a protectable liberty or property interest, *see Al-Turki v. Tomsic*, 926 F.3d 610, 614 (10th Cir. 2019). "A

---

[3] Mr. Gobert asserts that his objections were sufficiently specific to warrant fuller analysis and discussion by the district court. But there is no indication that the district court did not employ the proper de novo standard of review, and we are not persuaded that its failure to set forth independent findings of fact or conclusions of law warrants reversal.

4

constitutionally protected liberty or property interest may be a creation of federal law (including the Constitution itself—at least for liberty interests) or of state law." *Id.* "For state law to create a liberty interest, it must establish substantive predicates to govern official decisionmaking and mandate an outcome when relevant criteria have been met." *Elwell v. Byers*, 699 F.3d 1208, 1214 (10th Cir. 2012) (internal quotation marks omitted). If a "state law creates a mandatory procedure but does not guarantee a particular substantive outcome, it does not confer a protected liberty interest." *Id.*

Mr. Gobert does not identify a liberty interest arising from federal law or the Constitution itself. Instead, he asserts that he has a "state-created liberty interest" in "his (1) actual days served towards completion of his mandatory minimum term-of-imprisonment imposed by the judicial system, which is a statutory prerequisite in eligibility for release, and (2) denial of his 85% [eligible for release date]." Aplt. Opening Br. at 15. He relies on the 85% Rule (combined with the parole board's treatment of a life sentence as a 45-year sentence) as the source of the alleged liberty interest. He also complains that the defendants have not followed a prison administrative policy, OP-060211 (Sentence Administration).

Mr. Gobert asserts that he has "a legitimate entitlement to a liberty interest in eligibility for release created by the enactment of the 85% Rule" because it "uses explicit mandatory language" and "gives rise to a reasonable expectation that . . . a defendant will be free from [the] particular restraint" of ineligibility for release once he has served 85% of his sentence. *Id.* at 25; *see also id.* at 26 ("Every prisoner sentenced under the 85% Rule is required to serve a mandatory minimum term-of-

5

imprisonment prior to becoming eligible for release. Every prisoner is entitled to the process which may or may not provide release from confinement upon completion of the mandatory minimum.").

But Mr. Gobert's specific claim targets the defendants' recordkeeping system, and he has not plausibly shown that the 85% Rule creates a liberty interest *in having his "eligible release date" for a life sentence recorded on the CRC*. The Oklahoma Court of Criminal Appeals has admonished that assessing a life sentence as one for 45 years is relevant only to parole consideration:

> Lawyers continue to confuse the punishment set out in our statutes with the administrative rules of the Pardon and Parole Board. Under our penal statutes, a life sentence means the natural life of the offender. The fact that the Pardon and Parole Board has arbitrarily set forty-five (45) years as the number the Board will use to comply with the "Forgotten Man Act" does not affect the actual sentence; that number affects only when the Board will consider the inmate for purposes of parole.

*Runnels*, 426 P.3d at 622 n.8 (citation omitted). Mr. Gobert believes that by putting "Life" on his CRC, the defendants are refusing to recognize the number of days he has served in prison, so that he will never be able to satisfy the 85% Rule. He has not made a plausible showing, however, that this fear is well-founded. The defendants are not refusing to recognize his imprisonment, because the CRC records the number of days he serves each month. And Mr. Gobert knows that he will become eligible for parole consideration in June 2040.

As for OP-060211, we have recognized that state policies will create a "liberty interest in the conditions of confinement" only if they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

6

*Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1339 (10th Cir. 2007) (internal quotation marks omitted). It is not clear that the defendants have failed to comply with the policy by inscribing "Life" in the relevant blanks. Even assuming they have, for the same reasons just stated, Mr. Gobert has not plausibly shown that any such failure imposes an atypical and significant hardship on him and thus creates a liberty interest. There is no plausible showing that the defendants are refusing to recognize the days he has served in prison or that the entries on the CRC will delay or deprive him of consideration for parole.

Finally, Mr. Gobert argues that the district court was required to remand his state-law claims, rather than dismissing them, because it dismissed his § 1983 claim for lack of subject-matter jurisdiction. But the district court determined that the § 1983 claim failed to state a claim upon which relief could be granted, not that the court lacked jurisdiction. It therefore had the option of dismissing the state-law claims without prejudice or remanding them, *see Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020), and we cannot say that it was inappropriate to dismiss them, *see id.* at 1232 (noting "the regular practice in this circuit of dismissing without prejudice state-law claims for which the district court has only supplemental, rather than original, jurisdiction when the federal-law claims to which they are supplemental are dismissed early in the litigation"); *id.* at 1239 (stating that dismissal of "the federal-law claims at a very early stage of the litigation . . . in itself counsels dismissal without prejudice of the state-law claims at the same time").

7

**CONCLUSION**

Mr. Gobert's motion to proceed without prepayment of costs and fees is granted. His motion to certify questions to the Oklahoma Supreme Court is denied. The district court's judgment is affirmed.

Entered for the Court


Allison H. Eid
Circuit Judge