**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ISMAEL RUIZ,

     Plaintiff - Appellant,

v.

RICHARD L. LAVERY; D. RICHARD
HELSON,

     Defendants - Appellees.

No. 21-8014
(D.C. No. 0:21-CV-00001-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

Ismael Ruiz, a Wyoming prisoner proceeding pro se, [1] challenges the 28 U.S.C.

§ 1915A dismissal of his Pro-Se Amended Response to Complaint (Amended

Complaint). We affirm.

---

    * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Ruiz appears pro se, we liberally construe his filings, but we won't
go so far as to act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975
(10th Cir. 2009).

## BACKGROUND

In 2018, Ruiz pleaded guilty under Wyoming law to one count of aggravated assault and battery, Wyo. Stat. Ann. § 6-2-502(a)(1).[2] In accordance with the Plea Agreement's stipulation, the state court suspended a seven-to-ten-year prison sentence and imposed five years' probation. The next year, the state court revoked probation and sentenced Ruiz to the previously agreed prison term.

In 2021, Ruiz filed a "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983" using a federal-district-court form and attaching state-court materials. R. at 3–44. He named as defendants Richard L. Lavery, the judge who revoked probation, and D. Richard Helson, his state public defender. As we understand it, Ruiz alleges constitutional violations based on the revocation proceeding. Before filing, Ruiz neither paid a filing fee nor filed an in forma pauperis (IFP) motion. Screening under 28 U.S.C. § 1915A, the federal district court dismissed the complaint without prejudice for failing to state a claim for relief and ordered that if Ruiz filed an amended complaint, he must also either pay a filing fee or file an IFP motion.

Thereafter, Ruiz missed the deadline for amending the deficiencies identified, and the court dismissed the case without prejudice. Soon afterward, the court received Ruiz's

---

[2] We derive the factual background from the Amended Complaint and the materials Ruiz attached to it. *Cf. Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016) ("In reviewing a motion to dismiss, we accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff.").

2

Amended Complaint and an IFP motion. Reading the Amended Complaint liberally, the court construed it to be an amended complaint and a "motion showing excusable neglect for the tardiness of the amended complaint and motion for IFP" and reviewed both untimely filings. Order Dismissing Amended Complaint Without Prejudice at 1–2, *Ruiz v. Lavery*, No. 21-0001 (D. Wyo. Mar. 23, 2021), ECF No. 11 (Order).

The Amended Complaint continues to name Judge Lavery and Helson as the defendants. And as we understand the filing, Ruiz is alleging that the two defendants violated Ruiz's constitutional rights during the original pre-revocation criminal proceedings. The Amended Complaint also alleges that Judge Lavery and Helson violated Ruiz's constitutional rights by not "inquir[ing]" into a self-defense theory and by discriminating against him on an unidentified basis. Supp. R. at 7, 10, 14–15. Ruiz further alleges that Helson violated Ruiz's constitutional rights by failing to adequately conduct discovery. The Amended Complaint apparently also seeks "a dismissal of the charge of aggravated assault/Battery." *Id.* at 5.

The district court granted the IFP motion and then, under § 1915A, dismissed the case with prejudice for failure to state a claim for relief. The court ruled that judicial immunity protects Judge Lavery and that Ruiz failed to allege sufficient facts to meet the under-color-of-law prerequisite for his § 1983 claim against Helson. Additionally, the district court ruled that "[t]o the extent Ruiz asserts the conviction or his sentence violates his constitutional rights," a timely 28 U.S.C. § 2254 habeas petition is required. Order at 3. Last, the district court instructed that for Ruiz to obtain monetary damages for an

3

allegedly unlawful conviction, he would need to show that the conviction had been overturned. We review under 28 U.S.C. § 1291.

## DISCUSSION

Under § 1915A(b)(1), a district court must dismiss a prisoner's complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." We review de novo § 1915A dismissals for failure to state a claim and on judicial immunity grounds. *Loggins v. Pilshaw*, 838 F. App'x 323, 326–27 (10th Cir. 2020) (unpublished) (citing *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (§ 1915A dismissal for failure to state a claim); and also citing *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1153 (10th Cir. 2011) (judicial immunity)).

We agree with the district court on all points. First, Judge Lavery has absolute judicial immunity from § 1983 liability. *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (citation omitted). Ruiz hasn't alleged that Judge Lavery acted "in the clear absence of jurisdiction" such that judicial immunity doesn't protect him. *Id.* (citation omitted). Second, Ruiz fails in his § 1983 claim against Helson because public defenders don't act under color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981). Third, Ruiz can't challenge his conviction under § 1983. As the district court explained, to do that Ruiz must file a habeas application under 28 U.S.C. § 2254. Finally, to obtain civil damages based on his conviction, Ruiz must show that the conviction was

4

overturned. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). He's not alleged this. Thus, we affirm.[3]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[3] On appeal, Ruiz also filed a Motion for Summary Judgment, Declaration for Entry of Default Judgment, and an IFP motion. Though we deny the Motion for Summary Judgment and Declaration for Entry of Default Judgment as moot, we grant Ruiz's IFP motion. Still, we assess Ruiz a "strike" under 28 U.S.C. § 1915(g) because we dismiss for failure to state a claim for relief. *See* 28 U.S.C. § 1915(g) (prohibiting additional civil actions after three "action[s] or appeal[s]" are dismissed for being "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted").