**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

CHRISTOPHER GILMORE,

    Plaintiff - Appellant,

v.

VITAL CORE, LLC; (FNU) DeMARCO;
JENNIFER (LNU); ANNA (LNU); (FNU)
NEPH,

    Defendants - Appellees.

No. 23-3135
(D.C. No. 5:23-CV-03113-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]
_____

Plaintiff-Appellant Christopher Gilmore, appearing pro se, appeals from the

district court's judgment dismissing his claims for excessive force, deliberate

indifference to serious medical needs, and a failure to train regarding Defendant-

Appellee Vital Core, LLC.  Gilmore v. Vital Core, LLC, No. 23-3113, 2023 WL

4637412 (D. Kan. July 20, 2023).  On appeal, he argues that the district court did not

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

include in its decision the facts in his complaint, his case citations, and his responses, all of which satisfied the requirement of a short and plain statement of the facts. See Fed. R. Civ. P. 8(a)(1). He also argues that the district court should have ordered a Martinez report as it did in another case.[1]

We take the well-pleaded facts contained in the complaint as true and in the light most favorable to Mr. Gilmore. Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009). Mr. Gilmore currently resides at Larned State Hospital, a psychiatric facility. In 2022, he was a civilly committed patient in the custody of the Sedgwick County Jail. On December 2, 2022, Mr. Gilmore sought treatment for breathing difficulties resulting from his dentures and the jail-mandated denture adhesive.

Some of the claims in this case overlap with those in Gilmore v. Neph, No. 23-3134, in which we reversed the judgment only insofar as the single claim raised on appeal: dismissal of Mr. Gilmore's excessive force claim regarding his trip to the jail medical clinic. Gilmore v. Neph, No. 23-3134, 2024 WL 48989 (10th Cir. Jan. 4, 2024). We follow the same course here — on remand the district court should consider the excessive force claim in light of that disposition. We affirmed the district court's judgment in No. 23-3134 in all other respects, so Mr. Gilmore cannot raise the same claims in this case.

We review a dismissal under Federal Rule of Civil Procedure 12(b)(6) pursuant to 28 U.S.C. § 1915A(b)(1) de novo, asking whether the complaint has

---

[1] We disagree. Each case turns on its own facts, and a Martinez report is not always required. See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

2

sufficient facts to yield a claim that is plausible on its face. See Young, 554 F.3d at 1256. To state a claim for deliberate indifference to serious medical needs, a pretrial detainee must allege an objective component and a subjective component. Lucas v. Turn Key Health Clinics, LLC, 58 F.4th 1127, 1136 (10th Cir. 2023). The subjective component requires the defendant to be "aware of the facts from which the inference of a substantial risk of serious harm could be drawn and also draw that inference." Id. at 1137. The district court dismissed Mr. Gilmore's claim concerning deliberate indifference to serious medical needs because he could not show that any defendant was aware of facts indicating a substantial risk of serious harm regarding his ongoing lack of access to chronic-care breathing treatments, and then drew the necessary inference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The district court noted that Mr. Gilmore had complained of breathing problems associated with denture issues, not asthma, and that he had been taken off chronic-care breathing treatments prior to December 2, 2022, the date of the incident involving the excessive force claim.

Though Mr. Gilmore indicates that he needed the breathing treatment for objectively serious medical needs, asthma and sarcoidosis, we read the district court's order as involving the subjective component of the claim. Although Mr. Gilmore later disclaimed any reliance on his problems with denture adhesives, the district court correctly focused on the gravamen of his claims — the actions

3

occurring on December 2 — and reasonably concluded that the facts did not demonstrate deliberate indifference.[2]

We also agree with the district court that Mr. Gilmore's reliance on state-law claims or operational regulations and policies does not provide federal claims. See West v. Atkins, 487 U.S. 42, 48 (1988) (§ 1983 claims must involve a violation of a federal constitutional right under color of state law). Insofar as Mr. Gilmore alleges that Vital Core is attempting to cut costs by reducing care and failing to train its employees, such allegations lack the necessary facts to state a plausible claim and we affirm based on the lack of adequate facts tending to show a constitutional violation, let alone causation. See Lucas, 58 F.4th at 1144.

AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this order and judgment. We GRANT Mr. Gilmore's motion to proceed on appeal without prepayment of fees or costs, and remind him that he is responsible for the full amount of the filing fee.[3]

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2] We reiterate that Mr. Gilmore brought similar claims in Gilmore v. Neph, 22-3316, which the district court dismissed, and this court affirmed the dismissal as to those claims. Gilmore v. Neph, No. 22-3316, 2023 WL 3040452, at *6–7 (D. Kan. Apr. 21, 2023), aff'd in part, rev'd in part, No. 23-3134, 2024 WL 48989 (10th Cir. Jan. 4, 2024).

[3] Mr. Gilmore has submitted a "Supplemental Affidavit" claiming that the Sedgwick County Sheriff's Department has stolen from funds to be used to satisfy PLRA assessments. We do not consider materials not before the district court.