**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTONIO ALEXANDER MCGEE,

    Plaintiff - Appellant,

v.

A. LAWLESS, Correctional Officer,
Hutchinson Correctional Facility; P.
JONES, Correctional Officer, Hutchinson
Correctional Facility; E. PEPPIATT,
Correctional Officer, Hutchinson
Correctional Facility; W. WIDENER,
Correctional Officer, Hutchinson
Correctional Facility; M. WAGNER,
Correctional Officer, Hutchinson; A.
WILSON, Correctional Officer,
Hutchinson Correctional Facility; S.
ASHFORD, Correctional Officer,
Hutchinson Correctional Facility; (FNU)
WESTMOLAND, Correctional Officer,
Hutchinson Correctional Facility,

    Defendants - Appellees.

No. 19-3276
(D.C. No. 5:19-CV-03048-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MORITZ**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Antonio Alexander McGee, a Kansas prisoner proceeding pro se, appeals from the district court's dismissal of his claims under 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     BACKGROUND & PROCEDURAL HISTORY

McGee is a prisoner in the custody of the Kansas Department of Corrections, and is currently housed at the Hutchinson Correctional Facility. In his original district court complaint, he alleged he was in the "medline" on the evening of September 30, 2018, and was asked by defendant E. Peppiatt (a prison employee) for proof that he could receive eyeglasses. R. at 18. McGee did not describe Peppiatt's role at the prison, nor did he explain why she demanded such proof. Regardless, he tried to show her the proof but she told him to return to his cell. McGee responded, "[A]re you denying me my meds?" *Id*. Peppiatt replied, "No! [G]o to your cell or cuff up." *Id*. McGee "asked ag[ain] and [Peppiatt] told the CO [presumably, 'correctional officer'] to cuff [him] up." *Id*.

An unnamed correctional officer handcuffed McGee and tried to make him walk "bent over." *Id*. McGee "pulled away to tell [the correctional officer] that he was hurting me," at which point Peppiatt "told the CO to take [McGee] to the ground." *Id*. The CO complied and took McGee to the ground. McGee does not describe how the CO took him to the ground, but McGee alleges he "struggled from the pain of the irrational use of force"—although at least some of this pain came from the fact that the correctional officers "did not lock" the handcuffs. *Id*. An unnamed

2

correctional officer—McGee did not say whether it was the same one that handcuffed him—struck McGee in the face with his elbow, and the next thing McGee remembers is waking up naked on the ground.

At some point, the correctional officers placed McGee in a cell. It is not clear from McGee's account whether this occurred before or after he woke up naked on the ground. Either way, the cell contained another inmate's property, so the officers walked McGee—still naked—back to "the wall where the CO hit me with an 'elbow strike.'" *Id.* McGee further claims that he was "made to walk [naked] up and down the run twice before being placed in a room." *Id.* at 19.

Based on the foregoing, McGee alleged three causes of action:

- "kid napping [*sic*]," based on being stripped and made to walk naked "up and down the run twice," *id.* at 19;

- excessive force, because the correctional officers did not lock the handcuffs and then hit McGee in the face with an elbow strike while he was handcuffed; and

- "malicious injury (ill will) mental oppression," because the correctional officers intentionally dehumanized him, first by trying to make him walk bent over (*i.e.*, before the struggle) and then by making him walk naked "up and down the run," *id.* at 20.

As required by 28 U.S.C. § 1915A(a), the district court screened McGee's complaint. The district court held that McGee's claim of kidnapping was frivolous. It further held that McGee failed to state an Eighth Amendment excessive force claim

3

because "[n]ot every isolated battery or injury to an inmate amounts to a federal constitutional violation." *Id*. at 79.[1]

The district court also faulted McGee for failing to mention any defendant besides Peppiatt in the body of his complaint: "a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights." *Id*. at 79–80.

The district court ordered McGee to show cause why his complaint should not be dismissed, or to file an amended complaint curing the noted defects, or both. McGee submitted an amended complaint that included a few new details about the incident in question, but again failed to describe who did what, save for the allegations against Peppiatt—and those allegations were copied verbatim from the original complaint.

The district court concluded that McGee's amended complaint did not cure the defects of his original complaint and dismissed McGee's lawsuit for failure to state a claim.

## II.     ANALYSIS

We review de novo a § 1915A dismissal for failure to state a claim. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009).  "We review the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state

---

[1] The district court said nothing about McGee's claim for "malicious injury (ill will) mental oppression."

4

a claim to relief that is plausible on its face." *Id*. (internal quotation marks omitted). Because McGee is proceeding pro se, we construe his filings liberally, but we do not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Particularly relevant here, "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*.

To plead a viable § 1983 claim against individual government officials, McGee must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The district court warned McGee that his original complaint failed this standard, and that McGee must "include in the body [of the complaint] a description of the acts taken by each defendant that violated [his] federal constitutional rights." R. at 80. But McGee's amended complaint included no new allegations satisfying this requirement.

On appeal, McGee faults the district court for not adequately considering the significance of the elbow strike that knocked him out, but McGee fails to address his own failure to allege *who* did *what* to him (apart from Peppiatt). He does not identify the officer(s) who struck him or who required him to walk naked in public, nor does he contend that he cannot identify them because he does not know who they were. Finally, as for Peppiatt, McGee nowhere explains why any of her actions amounted to a violation of his constitutional rights—nor does our own review reveal any

5

potentially viable claims.  Thus, we agree with the district court that McGee failed to state any plausible claim of a constitutional violation.

McGee does not argue that the district court should have provided him another opportunity to amend his complaint, so we need not reach that question.

## III.    CONCLUSION

The district court's judgment is affirmed.  We grant McGee's motion to proceed IFP on appeal, but remind him of his obligation to continue making partial payments until the entire appellate filing fee is paid.

Entered for the Court


Nancy L. Moritz
Circuit Judge
