**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JERROD D. HUEY,

      Plaintiff - Appellant,

v.

STEVE KUNZWEILER, District Attorney
for Tulsa County State, and State of
Oklahoma,

      Defendant - Appellee.

No. 20-5038
(D.C. No. 4:20-CV-00021-CVE-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Jerrod D. Huey appeals the district court's dismissal of his complaint.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I.  Background

Mr. Huey is serving a life sentence for first degree murder. He filed a

complaint under 42 U.S.C. § 1983 challenging the constitutionality of Oklahoma's

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Postconviction DNA Act[1] and seeking an injunction to have certain items in the defendant's custody transferred to an independent laboratory for DNA testing.

The district court determined that the complaint should be dismissed after reviewing it on initial screening under 28 U.S.C. § 1915A(a). Although the complaint contains only one ground for relief, the court concluded that it could be construed in three different ways. The court then dismissed the complaint in part for lack of subject matter jurisdiction and in part for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915A(b)(1). This appeal followed.

II. Discussion

We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (failure to state a claim); *Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006) (subject matter jurisdiction).

A. *Dismissal for Lack of Subject Matter Jurisdiction*

In dismissing his complaint, in part, for lack of jurisdiction, the district court took judicial notice of a motion that Mr. Huey filed in state court pursuant to Oklahoma's Postconviction DNA Act seeking DNA testing of certain items found at the murder crime scene. The court further took judicial notice that the state court denied the motion and the Oklahoma Court of Criminal Appeals affirmed that denial.

---

[1] Okla. Stat. Ann. tit. 22, § 1373, et seq.

2

Although Mr. Huey's complaint does not discuss the substance of his motion or the state court decisions,[2] the district court determined that the "complaint could be construed, in part, as . . . challenging the state court decisions denying his motion for postconviction DNA testing." Aplt. App. at 11. The district court therefore concluded that "to the extent [Mr. Huey] urges this Court to review and reverse the state court decisions denying his request for access to certain evidentiary items for DNA testing, Rooker-Feldman bars his claim." *Id.* at 12.

The *Rooker-Feldman* doctrine bars federal district courts from reviewing state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). More specifically, the doctrine bars review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. But the Supreme Court explained in *Skinner v. Switzer*, 562 U.S. 521, 532 (2011), that although "a state-court decision is not reviewable by lower federal courts, . . . a statute or rule governing the decision may be challenged in a federal action."

Mr. Huey argues that the district court erred in barring his claim based on *Rooker-Feldman* because his complaint did not attack a state-court decision. He asserts that his "challenge only attacked the constitutionality of Oklahoma's Post-Conviction DNA testing statutes and the adequacy of access to biological

---

[2] The complaint does state: "Plaintiff has sought relief in the State Courts with that relief being denied." Aplt. App. at 31.

3

material relying upon the Supreme Court's opinion in *Skinner* . . . . " Aplt. Br. at 7. We agree that the district court's construction of the complaint was too broad and that there is no jurisdictional bar to Mr. Huey's claim because his complaint does not ask the district court to review and reject any state-court decision.

*Skinner* involved a very similar situation to the one at issue here. The plaintiff in *Skinner* was convicted of murder. 562 U.S. at 525. He later filed two separate motions in state court to obtain DNA testing of certain evidence from the crime scene under a statute Texas enacted after his conviction, but both of his motions were denied. *Id.* at 527-28. The plaintiff next filed a federal action for injunctive relief under § 1983, naming as the defendant the district attorney whose office prosecuted him and who had custody of the evidence the plaintiff wanted to have DNA tested. *Id.* at 529. The plaintiff "challenge[d], as denying him procedural due process, Texas' postconviction DNA statute 'as construed' by the Texas courts." *Id.* at 530. The defendant argued that the plaintiff's challenge was jurisdictionally barred by the *Rooker-Feldman* doctrine. *Id.* at 531.

The Supreme Court disagreed that *Rooker-Feldman* barred the plaintiff's claim. *Id.* It explained: "If a federal plaintiff presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court." *Id.* at 532 (brackets and internal quotation marks omitted). It noted that the plaintiff was not "challeng[ing] the adverse [state-court] decisions themselves"; instead, he was challenging "as unconstitutional the Texas statute they authoritatively construed." *Id.* Because "a

4

statute or rule governing the [state-court] decision may be challenged in a federal action," the Supreme Court held there was no lack of subject matter jurisdiction over the plaintiff's federal suit. *Id.* at 532-33.

Mr. Huey asserts that—just like the plaintiff in *Skinner*—he is not challenging any adverse state-court decisions; instead, he is challenging the constitutionality of Oklahoma's Postconviction DNA statute. We agree with the district court that Mr. Huey's complaint "is not well-written and . . . is difficult to follow." Aplt. App. at 6 n.1. But we cannot agree with the district court's determination that the complaint could be construed as raising a challenge to the state-court decisions denying Mr. Huey's motion for access to certain evidentiary items for DNA testing.[3] As noted earlier, Mr. Huey's complaint does not discuss his motion or the state courts' disposition of the motion. His complaint therefore cannot be fairly read as seeking review and reversal of state-court decisions that he does not even discuss. That he is seeking the same relief through this federal action that he was denied in state court does not itself create a *Rooker-Feldman* problem. Just like the plaintiff in *Skinner*, he is presenting an independent claim, and "it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court," *Skinner*, 562 U.S. at 532

---

[3] Mr. Huey is represented by counsel who filed the complaint on his behalf. The complaint is therefore not entitled to the liberal construction given to pro se pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But, as the district court noted, "in any civil case, the Court must construe the complaint 'so as to do justice.'" Aplt. App. at 6 n.1 (quoting Fed. R. Civ. P. 8(e)).

(internal quotation marks omitted).  Because Mr. Huey's complaint challenges the statute governing the state-court decisions and not the state-court decisions themselves, there is no jurisdictional bar to his claim.  *See id.* at 532-33.

B.  *Dismissal for Failure to State a Claim*

The district court next determined that the "complaint could also be construed, in part, as attempting to assert a violation of [Mr. Huey's] due process rights as interpreted in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963)."  Aplt. App. at 13.  The Supreme Court has explained that there is no due process right under *Brady* that obligates the state to disclose evidence post-conviction; accordingly, *Brady* does not provide the framework for analyzing a claim for obtaining evidence for post-conviction DNA testing.  *See Dist. Att'y's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009).  The district court therefore concluded that "to the extent [Mr. Huey's] complaint could be construed as asserting a <u>Brady</u> violation based on the alleged suppression of evidence, the Court finds that the complaint must be dismissed, in part, for failure to state a claim upon which relief may be granted."  Aplt. App. at 13.

Mr. Huey challenges the district court's construction of his complaint as asserting a *Brady* claim.  We do not read Mr. Huey's complaint as asserting a claim for relief under *Brady*.  Instead, we read the complaint as raising only one ground for relief—that Oklahoma's Postconviction DNA statute is constitutionally inadequate to provide access to biological evidence in violation of Mr. Huey's right to due process under the Fourteenth Amendment.  But our differing view on the *Brady* claim does

6

not change our disposition of this appeal because we agree with the district court that Mr. Huey's complaint fails to state a plausible due process claim under the Fourteenth Amendment.

We first note that *Osborne* governs Mr. Huey's due process claim. In *Osborne*, the Court considered whether the petitioner "ha[d] a right under the Due Process Clause to obtain postconviction access to the State's evidence for DNA testing." 557 U.S. at 61. In resolving this question, *Osborne* "severely limit[ed] the federal action a state prisoner may bring for DNA testing" because "*Osborne* rejected the extension of substantive due process to this area and left slim room for the prisoner to show that the governing state law denies him procedural due process." *Skinner*, 562 U.S. at 525 (citation omitted).

In considering Mr. Huey's due process challenge to the constitutionality of the Oklahoma Postconviction DNA Act, the district court first determined that, to the extent Mr. Huey's complaint asserted a denial of his substantive due process rights, the Supreme Court's decision in *Osborne* foreclosed his claim. Mr. Huey does not challenge this determination on appeal.

The district court next determined that, to the extent Mr. Huey's complaint asserted a procedural due process violation, he failed to allege a plausible claim for relief. In *Osborne*, the Court explained that the State "has more flexibility in deciding what procedures are needed in the context of postconviction relief" because a prisoner's "right to due process is not parallel to a trial right, but rather must be analyzed in light of the fact that he has already been found guilty at a fair trial, and

7

has only a limited interest in postconviction relief." 557 U.S. at 69. The Court held that "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Id.*

Mr. Huey alleged in his complaint that "State law is inadequate to provide equal protection under the law to Defendants seeking DNA testing because of the ambiguity in the statutory scheme." Aplt. App. at 28. He then focused on the statutory requirement that "[a] court shall order DNA testing only if the court finds . . . [a] reasonable probability that the petitioner would not have been convicted if favorable results had been obtained through DNA testing at the time of the original prosecution[,]" Okla. Stat. Ann. tit. 22, § 1373.4(A)(1). He alleged that this requirement "is an unconstitutional deprivation to access biological material to prove a person['s] innocence with new evidence." Aplt. App. at 29.

The district court explained that "Osborne sets a high bar for a procedural due process claim" and found that Mr. Huey failed to overcome it. *Id.* at 16. The court noted that "in Osborne, the Supreme Court upheld Alaska's procedures for seeking postconviction DNA testing" and that Alaska's law places "limits on eligibility for relief, including, in relevant part, that the movant make a sufficiently compelling showing of new evidence that establishes innocence." *Id.* at 16-17 (internal quotation marks omitted). The court further explained that "[s]imilar to Alaska's procedures, Oklahoma's procedures require a sufficiently compelling showing that DNA testing will establish innocence—namely, a reasonable probability that the outcome of trial would have been different with favorable DNA evidence." *Id.* at 17. The court

8

determined that "placing limits on an offender's access to DNA evidence does not make Oklahoma's Postconviction DNA Act fundamentally inadequate to vindicate substantive rights." *Id.* (citations, brackets, and internal quotation marks omitted). It therefore found that Mr. Huey failed to state a plausible procedural due process claim.

In his appellate brief, Mr. Huey does not address *Osborne* or the district court's specific reasoning. Instead, he repeats much of what he alleged in his complaint. We do not find his arguments persuasive. We also note that the Eleventh and Ninth Circuits have upheld the constitutionality of Georgia's and California's postconviction DNA statutes where prisoners challenged similar statutory language. *See Cromartie v. Shealy*, 941 F.3d 1244, 1256-57 (11th Cir. 2019); *Morrison v. Peterson*, 809 F.3d 1059, 1067-69 (9th Cir. 2015); *see also Cromartie*, 941 F.3d at 1252 ("Every court of appeals to have applied the *Osborne* test to a state's procedure for postconviction DNA testing has upheld the constitutionality of it." (citing cases from the First, Second, Ninth, and Eleventh Circuits)). In *Morrison*, the court held that the prisoner had not shown "that the 'reasonable probability' requirement violates 'any recognized principle of fundamental fairness.'" 809 F.3d at 1069 (quoting *Osborne*, 557 U.S. at 69). The same holds true for Mr. Huey.

III. Conclusion

Because the district court gave multiple bases for dismissing Mr. Huey's complaint, our disagreement with the district court's jurisdictional dismissal does not

require reversal.  Instead, we affirm the district court's dismissal of Mr. Huey's complaint for failure to state a claim upon which relief may be granted.

Entered for the Court


Joel M. Carson III
Circuit Judge