**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**January 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CHRISTOPHER GILMORE,

    Plaintiff - Appellant,

v.

(FNU) NEPH; (FNU) TANNEHILL;
(FNU) BARTH; (FNU) SMITH; (FNU)
ROCHA; JEFF EASTER; VITAL CORE;
JANE DOE; SEDGWICK COUNTY,
KANSAS, BOARD OF
COMMISSIONERS,

    Defendants - Appellees.

No. 23-3134
(D.C. No. 5:22-CV-3316-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]
_____

Plaintiff-Appellant Christopher Gilmore, appearing with retained counsel,

appeals from the district court's judgment dismissing his excessive force claim for

failure to state a claim. Gilmore v. Neph, No. 5:22-CV-3316-JWL, 2023 WL 3040452

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

(D. Kan. Apr. 21, 2023). On appeal, he argues that the district court erred in holding that he had failed to allege, in his amended complaint, more than de minimis use of force by a sheriff's deputy. We agree. He does not contest dismissal of his other claims contained in his amended complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the judgment as to dismissal of those claims not raised on appeal and reverse on the excessive force claim.

Background

We take the well-pleaded facts contained in the amended complaint as true and in the light most favorable to Mr. Gilmore. Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009). Mr. Gilmore currently resides at Larned State Hospital, a psychiatric facility. In 2022, he was a civilly committed patient in the custody of the Sedgwick County Jail. On December 2, while being escorted to the jail's medical clinic by Deputy Neph, Mr. Gilmore alleges that he was assaulted. While being escorted, Mr. Gilmore was handcuffed with his hands behind his back and his dentures in his hands. He alleges that Deputy Neph told him that if this trip was about denture issues, he would be locking Mr. Gilmore down with more segregation time. So began a verbal altercation between the two.

Mr. Gilmore sought breathing treatment and denture adhesives, however, the clinic nurse refused treatment. Thereafter, Deputy Neph began jerking Mr. Gilmore's right elbow and forearm. Deputy Neph next attempted a wristlock/armbar maneuver while attempting to bend Mr. Gilmore's fingers. That failing, and Deputy Neph becoming enraged, Deputy Neph placed his hands around Mr. Gilmore's neck and

2

attempted to choke him against a wall. After a few seconds, another deputy intervened. Mr. Gilmore was then escorted back to his cell and the handcuffs were removed. Insofar as injury, Mr. Gilmore suffers from stiffness in his right wrist adjacent to an ulnar styloid injury that he had been treated for earlier. He also alleges that he has neck and jaw pain and stiffness and persistent headaches.

According to Mr. Gilmore, the entire incident was recorded, but the staff administratively locked access to the video. Mr. Gilmore maintains that he was compliant with the deputy's commands throughout, although the deputy falsely claimed that Mr. Gilmore grabbed his hands and assaulted him.

## Discussion

We review a dismissal under Federal Rule of Civil Procedure 12(b)(6) pursuant to 28 U.S.C. § 1915A(b)(1) de novo, asking whether the amended complaint has sufficient facts to yield a claim that is plausible on its face. See Young, 554 F.3d at 1256. The district court summarized its holding:

> Plaintiff's allegations are that Defendant Neph twisted his wrist or arm, while cuffed, and choked him for a few seconds. The MOSC found that these allegations fail to state a claim for violation of Plaintiff's constitutional rights. The AC does not substantially alter the allegations. While the conduct described by Plaintiff is far from commendable, it does not rise to the level of a constitutional violation. Count I is therefore subject to dismissal.

Gilmore, 2023 WL 3040452, at *4. The district court relied heavily upon an unpublished district court order, Snyder v. Spilde, No. 15-cv-2169-GPG, 2016 WL 1059612, at *3–4 (D. Colo. Mar. 17, 2016), for the proposition that grabbing and twisting a pretrial detainee's outstretched arms did not constitute excessive force but

3

rather de minimis force.[1]  Although the district court in that case acknowledged that injury was not required for an excessive force claim, it noted that the lack of any allegations of injury may corroborate that the force used was de minimis.  Id. at *3.

Unlike in Snyder, Mr. Gilmore has included allegations of injury.  We think the district court minimized that distinction and did not sufficiently focus on the nature of the force applied and its purpose.  But we must construe well-pleaded factual allegations in the light most favorable to Mr. Gilmore.  Young, 554 F.3d at 1256.  Here, Mr. Gilmore has alleged that while compliant and handcuffed, the deputy attempted to throw him to the ground, put him in an armbar, bend his fingers back, and then choked him against a wall.  Though arising in the Eighth Amendment context, in Hudson v. McMillian, 503 U.S. 1, 5, 9 (1992), the Supreme Court held that allegations of significant injury are not required for the objective component of an excessive force claim.  "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."  Id. at 9.  Likewise, in Wilkins, the Supreme Court reiterated that injury and force are not perfectly correlated and that the lack of the former does not doom an excessive force claim.  559 U.S. at 38 ("An inmate who is gratuitously beaten by guards does not lose

---

[1] We note that Snyder misstates the standard for excessive force claims arising in pretrial detention as arising under the Eighth Amendment when in fact they arise under the Fourteenth Amendment and only involve an objective standard: the pretrial detainee need only show that the force used against him was objectively unreasonable.  See Kingsley v. Hendrickson, 576 U.S. 389, 396–97 (2015).  Moreover, Snyder relies on several older cases which predate Wilkins v. Gaddy, 559 U.S. 34 (2010) (per curiam).  We conclude that Mr. Gilmore has alleged more than de minimis use of force.

his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). Accord United States v. LaVallee, 439 F.3d 670, 688 (10th Cir. 2006) (holding "certain level or type of injury" not required to establish objective component of excessive force claim).

The district court's judgment insofar as the excessive force claim is REVERSED for proceedings consistent with this order and judgment. As to all other claims contained in the amended complaint, the judgment is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge