**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**June 11, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ORLANDO BELL,

    Plaintiff - Appellant,

v.

LEAVENWORTH U.S. PENITENTIARY;
D. HUDSON; (FNU) McMILLEN; (FNU)
ELAM; (FNU) HOAD; (FNU) SEARS;
(FNU) SUTTON,

    Defendants - Appellees.

No. 24-3156
(D.C. No. 5:24-CV-03085-JWL)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **CARSON**, and **FEDERICO**, Circuit Judges.

_____

Orlando Bell, a federal prisoner proceeding pro se,[1] appeals from the district court's dismissal of his civil rights suit and denial of his post-judgment motion to reopen and amend. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Bell proceeds pro se, we liberally construe his filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we do not act as his advocate. *See id.*

I.

Bell filed a complaint alleging employees at the United States Federal Penitentiary in Leavenworth (USP-Leavenworth) violated his rights under the First and Eighth Amendments. He stated one defendant harassed him and then terminated his employment in the facility's kitchen without first writing him up. When he complained about the harassment, defendants retaliated against him by withholding his kosher meal trays, removing him from the kosher meal list, and serving him a pork product.

Screening the case under 28 U.S.C. § 1915A(a), the district court issued an order to show cause why it should not dismiss for failure to state a claim. It noted Bell had invoked 42 U.S.C. § 1983 but had not alleged any facts to show that any defendant acted under color of state law; he had not shown there was any remedy available to him under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); he had not alleged any physical injury, as required to support a request for compensatory damages under 42 U.S.C. § 1997e(e); and any request for injunctive relief would be moot because after the events leading to his suit, he had been transferred away from USP-Leavenworth.

Bell responded, asserting his claims were actionable under *Bivens* because the defendants were federal employees. Alternatively, he requested the court construe his claim as one under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1). He also denied his claims were moot, citing *Federal Bureau of Investigation v. Fikre*, 601 U.S. 234 (2024). *Fikre* held that an airline passenger's claim regarding being

2

placed on the No Fly List was not moot, even though the government removed his name from the list, because the government fell "short of demonstrating that it cannot reasonably be expected to do again in the future what it is alleged to have done in the past." *Id.* at 242.

The district court rejected these arguments. It concluded Bell had not established there is a *Bivens* remedy in these circumstances. It declined to construe the complaint to allege an FTCA claim because (1) the United States would be the only proper defendant for an FTCA claim, and (2) the complaint failed to establish Bell had filed an administrative claim before coming to court. Finally, the court distinguished *Fikre* and determined any claim for injunctive relief was moot. It dismissed the action for failure to state a claim. *See* § 1915A(b)(1).

Sixteen days later, Bell filed a motion requesting the court reopen his case and grant him leave to amend his complaint to assert an FTCA claim. He asserted he had satisfied the requirement of filing administrative claims with the Bureau of Prisons (BOP), and he attached copies of the BOP's acknowledgments of such claims.

The district court denied Bell's post-judgment motion. It held it would be futile to allow Bell to amend his complaint because he had not alleged one of the elements of an FTCA claim—that he could claim monetary damages. *See* 28 U.S.C. § 1346(b)(1) (giving district courts jurisdiction to hear "civil actions on claims against the United States, for money damages" for negligent or wrongful acts or omissions by government employees). The court stated Bell could not recover compensatory damages without asserting a physical injury, *see* 28 U.S.C.

3

§ 1346(b)(2); 42 U.S.C. § 1997e(e), and the United States would not be liable for punitive damages, *see* 28 U.S.C. § 2674. The court also cited authority stating the FTCA does not provide a remedy for constitutional torts.

Bell appealed after the district court denied his post-judgment motion.

II.

We review de novo a district court's decision to dismiss a prisoner complaint pursuant to § 1915A(b)(1) for failure to state a claim. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

Bell's complaint invoked § 1983. *See* R. at 4. He now acknowledges, however, that § 1983 is "the wrong law," and he states that the district court should have allowed him to proceed with a *Bivens* claim. Aplt. Opening Br. at 4.

In *Bivens*, "the Supreme Court first created a cause of action against federal agents for a violation of the Bill of Rights." *Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir. 2024). In recent years, however, the Court has sharply limited the availability of *Bivens* claims. *See id.* (observing that the Supreme Court "is on course to treating *Bivens* as a relic of the 20th century"). Recently, it refused to recognize a *Bivens* action for First Amendment retaliation, holding that "[t]here are many reasons to think that Congress, not the courts, is better suited to authorize such a damages remedy." *Egbert v. Boule*, 596 U.S. 482, 499 (2022). "[R]ecognizing a

4

cause of action under *Bivens* is a disfavored judicial activity. When asked to imply a *Bivens* action, our watchword is caution. If there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy, the courts must refrain from creating it." *Id.* at 491 (brackets, citations, and internal quotation marks omitted). After *Egbert*, there is "no doubt that expanding *Bivens* is not just a disfavored judicial activity, it is an action that is impermissible in virtually all circumstances." *Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (citation and internal quotation marks omitted).

*Egbert* discussed how the Court's cases have described a two-step analysis for recognizing a *Bivens* claim, but then stated that "those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 596 U.S. at 492. Bell suggests he can proceed under *Bivens* because the defendants "are federal employee[s] that have denied [him] his constitutional rights to freedom[ ]of religion under the First [Amendment]." Aplt. Opening Br. at 3. This abbreviated assertion, however, is not enough to establish the existence of a *Bivens* claim. Bell makes no argument regarding the factors relevant to recognizing a *Bivens* claim—most importantly, whether Congress might be better equipped to create a damages remedy for the

constitutional violations he alleges.[2]  He therefore fails to show that the district court erred in declining to recognize a *Bivens* claim in these circumstances.[3]

### III.

Bell also challenges the district court's refusal to allow him to amend to add an FTCA claim.  "We review a district court's rulings on Rule 59(e) and Rule 60(b) motions and requests for leave to amend a complaint for an abuse of discretion." *Shields v. Prof. Bur. of Collections of Md., Inc.*, 55 F.4th 823, 830 (10th Cir. 2022). "When a district court denies amendment based on futility, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022) (internal quotation marks omitted).

Bell argues he exhausted his administrative remedies.  The district court initially cited lack of exhaustion in denying Bell's request to construe his complaint as an FTCA claim.  But it did not rely on exhaustion in denying Bell's post-judgment motion to amend.  At that point, it found that amendment would be futile because Bell failed to establish at least one element of an FTCA claim—the availability of money damages.  It also cited authority stating the FTCA does not waive the United

---

[2] Bell's opening brief asks for more time to present "a more detailed argument with memorandum of law," Aplt. Opening Br. at 3, but he did not submit any supplemental briefing after he filed his opening brief on January 13, 2025.  We decline to allow any further time.

[3] Because Bell has not established the availability of a *Bivens* remedy, we need not address whether *Fikre* applies to his claims for injunctive relief.

States' sovereign immunity from suit for constitutional tort claims. Because Bell fails to challenge the grounds on which the district court denied his post-judgment motion, we affirm. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (affirming because the appellant "utterly fails . . . to explain what was wrong with the reasoning that the district court relied on in reaching its decision").

IV.

We affirm the district court's dismissal of the action and denial of the post-judgment motion. We grant Bell's motion to proceed without prepayment of costs and fees and remind him that he must continue making partial payments until the obligation is paid in full. *See* 28 U.S.C. § 1915(b).

Entered for the Court

Joel M. Carson III
Circuit Judge